## JOSIAH TURNER, JR., *v.* STEPHEN A. DOUGLASS.

Any irregularity on the part of a Sheriff, in serving a summons, is waived by the defendant's answering, although such defendant be an infant.

An infant is properly brought into Court, just as any other defendant is. Where there is no general guardian the service of the summons, must be a personal one.

A plaintiff is not bound to move for the appointment of a guardian *ad litem* for an infant defendant; and his failure to do so, is not such laches as will work a discontinuance of the action.

In an action against an infant, who appears by an Attorney, an order changing the venue is not irregular or void; it is erroneous, and may be reversed or vacated upon application of the infant, upon his arriving at age.

(*White* v. *Albertson*, 3 Dev, 341; *Bender* v. *Askew*, Ibid. 149; *Caldwell* v. *Park*, Phil. 54; *Dick* v. *Lanier*, 63 N. C. Rep. 185; *Skinner* v. *Moore* 2 Dev. & Bat. 138; *Marshall* v. *Fisher*, 1 Jones, 111, cited and approved.)

CIVIL ACTION, for assault and false imprisonment, brought originally in the Superior Court of Orange county, and thence

removed upon affidavit to the Superior Court of Granville, from whence it was carried to WARREN Superior Court, where it was tried at the Fall Term, 1874, by his Honor, *Judge Watts.*

In September, 1870, the plaintiff sued out his summons against the defendant Douglass, and W. W. Holden and one G. B. Bergen, returnable to Orange Superior Court. In this summons nothing was stated as to the infancy of Douglass, the sole defendant in this part of the case, a separation having been ordered by the Court at its trial term. The summons was returned "executed" on all the defendants; and at the return term, plaintiff filed his complaint, and the defendants, Holden and Douglass, at the same term filing their several and separate answers. Bergen filed no answer.

Nothing was done with the case, except to change the venue until Fall Term, 1873, when it was continued as to Holden, and tried by a jury as to Douglass, who was not present, nor had he been present, either in person or by attorney, since filing his answer as above stated.

The jury returned a verdict of guilty as to defendant, Douglass, and in accordance therewith, judgment was entered up.

At the ensuing Spring Term, 1874, Douglass filed the following affidavit, upon which he moved that the judgment obtained at the previous term against him, be set aside, and the suit discontinued as to him:

"GUILFORD COUNTY—*ss.*

I. Stephenson A. Douglass, one of the defendants above named, being duly sworn says, that in the above entitled case, in the Superior Court of Orange county, before its removal to the county of Granville, he filed his separate answer under oath, to the plaintiff's complaint; that he employed and was represented in said cause by Hon. Samuel F. Phillips, an attorney of the Court; that defendant never employed any other attorney in said cause, and relied exclusively upon him, to conduct his defence; that affiant, so relying upon his attorney

as aforesaid, was not aware that said cause would be called for trial in the Superior Court of Warren county, in the month of August, A. D. 1873, at which time the judgment of $10,000 was obtained against him by the plaintiff; and had no knowledge from any source that said cause would be reached in August, 1873, as aforesaid; that from the 5th day of July, 1873, until November of that year, affiant was in Chicago, in the State of Illinois, having gone to that city upon business of importance; that said judgment, being so obtained, in the absence of affiant, was a complete surprise, for the reasons hereinbefore mentioned and set forth.

II. Deponent further says, that when said judgment was obtained, as he is informed and believes, his said attorney, Hon. Samuel F. Phillips, was not present; and deponent, not being present himself, was not represented by counsel; deponent is further informed and believes, that his said attorney did not practice in the Courts of Granville or Warren, but that notwithstanding he did not attend or practice in said Courts, it was his intention, whenever said cause was tried, to give the same his personal attention, and took no measures to secure the services of other counsel therein for that reason; that in ample time previous to the sitting of said Warren Court, in the month of August, 1873, as aforesaid, the said attorney, deeming it possible that the said cause might be reached, took measures considered by himself to be sufficient to inform himself of the condition of the docket in said Warren Court, with a view to attend said Court, for the purpose of defending said cause in behalf of deponent, and addressed a note or letter to the Hon. Samuel W. Watts, Judge of the District in which Warren county is situated, asking for information as to the condition of said docket; that for some reason unknown to said attorney, he received no reply to his said letter, and therefore believed that the said causes would not be reached, and did not attend, for that reason, the said term of Warren Court; and deponent is informed and believes, that the first knowledge his said attorney had of the rendition of said judgment

9

against deponent, was received in the month of October, 1873.

Deponent further says that his answer aforesaid, was drawn by his said attorney in Hillsboro, in the county of Orange, from statements made by deponent; that the first and second paragraphs of said answer, as the same appeared of record, after the removal of said cause to Warren Superior Court, truthfully represent a portion of deponent's defence, upon which he relied, but that the third paragraph of said anwer, as the same appears of record, in Warren county does not represent deponent's defence ; a material one, to-wit, the word " not " after the word " did " and before the word " advise," being omitted from said third paragraph whereas deponent meant to say and believed he had said, that he " did not " advise, command, encourage or assist said Hunnicutt, Bergin or Kirk, or any other persons under the command of them or either of them, &c., &c., to commit the injuries to the plaintiff, in the complaint set forth or any part of them. But deponents says he does not know whether the omission of the word " not " as aforesaid occurred at the time of the said answer, or subsequently, when the said answer was transcribed in removing the cause from Orange to Granville, and from Granville to Warren, but that whenever the same occurred, he avers it was a clerical error and not intended.

IV. Deponent insists that when the said cause as between the plaintiff and himself, was submitted to the jury in the said Warren Court, in the month of August last, the said answer, by the omission of the word " not " as aforesaid, did not raise the issue intended by him to be raised, and which he believed had been raised ; and said omission was without any default or laches on his part, and without his knowledge.

V. Deponent further says that he is informed and believes that no issues arising upon the pleadings were drawn up in writing and settled by the Judge and presented to the jury in Warren Court, where said judgment was rendered, as required by the rules of practice adopted at the June Term, 1871, of the Supreme Court.

VI. Deponent further says he was not twenty-one years of age at the time said action was brought, nor when he made his affidavit for the removal of said cause from the county of Orange, having been born on the 3d day of November, 1850.

VII. And deponent says he has fully and fairly stated his case to his said attorney, and that he has a good and substantial defence upon the merits thereof, as he is advised by his said attorney, after such statement {made as aforesaid, as he verily believes.

Wherefore deponent applies to the Court, to vacate and set aside the said judgment on the ground of his mistake, inadvertence, surprise and excusable neglect.

S. A. DOUGLAS.

Subscribed and sworn to before me, this 6th day of February, A. D., 1874.

ABRAM CLAPP, C. S. C.

The grounds insisted on for his motion to discontinue, are :

1. By reason of the failure of the plaintiff to take proper steps to have a guardian *ad litem* appointed by the Court to defend the interests of the defendant, Douglass, who for three terms next after the commencement of the action, continued to be an infant under twenty-one years; and there being no service of summons upon said Douglass nor voluntary appearance by him after his majority.

2. By reason of the failure of the plaintiff to re-issue the summons as against the defendant, Burgen, and the record does not show that there was a service of the original summons, and he has never by counsel or in person appeared.

The defendant Holden, at the same time, moved to discontinue as to him, for the same reason, that the plaintiff by not taking the necessary steps to get the parties sued into Court, had abandoned his case.

His Honor allowed the motion of the defendant, Douglass, and set aside the judgment against him, and discontinued the case as to him.

From the ruling of his Honor, the plaintiff appealed.

*Devereux* and *Jones & Jones*, for appellant.
*Moore & Gatling, Argo* and *Ball & Keogh*, contra.

RODMAN, J. 1. Whether the omission of the sheriff of Wake to state in his return when, where, and how he served the summons upon the defendants, was an irregularity for which the service could have been set aside, had a motion to that effect been made in due time, it is unnecessary to decide. The irregularity was waived by the subsequent action of the defendants. notwithstanding the infancy of one of them.

2. It is contended that as the defendant Douglass was an infant at the time of the service of the summons, it was void as to him. We think otherwise. An infant is properly brought into Court just as any other defendant is. We do not say that service upon a general guardian is not so. *White* v. *Albertson*, 3 Dev., 341. But when an infant has no general guardian, the service to bring him into Court must necessarily be a personal one, as a guardian *ad litem* is never appointed until the Court has jurisdiction of the action by the return of the summons.

The point most strongly insisted on for the defendant Douglass, is that the action was discontinued as to him by the failure of the plaintiff for several terms to move the Court to have a guardian *ad litem* assigned to him, by whom he might appear and plead. There are two sorts of discontinuance: First, where the plaintiff discovering that the defence is a good one, gives notice that he discontinues the action and pays the cost, or else discontinues upon motion and by leave of the Court, with or without the payment of costs, according to circumstances. It is unnecessary to say anything concerning this class of discontinuances. Second, when a plaintiff negligently fails to prosecute his action for one or more terms, whereby the defendant having been once brought into Court, has no day given him before the end of a term whereon to attend and

prosecute his defence. Of this, *Caldwell* v. *Parks*, Phil. Rep., 54, is an example. And so where a summons is executed upon one of several defendants, and the plaintiff omits to renew his process against those not served, the action is discontinued as to all. For it would be unreasonable to keep those who were served, in Court indefinitely. *Dick* v. *McLaurin*, 63 N. C. Rep., 185. And it may be well to note here that, that and similar cases have no direct application to this, as in this case, according to the sheriff's return, all the defendants were served. Now has the plaintiff been guilty of laches in respect to any duty imposed on him by law, to the prejudice of the defendant? It is clear that an infant can only appear and plead by guardian, and if he appear by attorney, a judgment against him will be reversed for error, or set aside on motion.

It is clear also that if a plaintiff *happens* to know that a defendant is an infant, he *may* move the Court to appoint a guardian for him. But it is no where said that he *must* do it, under penalty of discontinuing his action. This would be unreasonable, as the plaintiff may often times not have the means of knowing that the defendant is an infant. It is to his interest to know it, if it be so, otherwise he runs the risk of taking a judgment liable to be reversed, but we cannot conceive that he is obliged to do what may be an impossibility.

In our opinion, the Judge erred in holding the action discontinued as to Douglass, and in dismissing it as to him. We have thought it best to lay no stress on the fact that continuances appear to have been entered on the record from term to term. Because, these although as long as they stand, are valid and binding orders of the Court, yet they are open to be amended by the Judge according to the fact, by inserting them if they do not appear, when in truth and justice they ought to, and by striking them out when they ought not to be there.

4. It is contended that the several orders for the change of *venue*, having been made during the infancy of Douglass, and whilst he was appearing by attorney, are void, and hence the Court of Warren had no jurisdiction. This is a mistake. A

judgment taken against an infant, who appears by attorney, is not irregular or void, it is only erroneous, and liable to be reversed, but valid until reversed. *Pendor* v. *Askew*, 3 Dev. Rep., 149; *White* v. *Albertson*, Ibid, 341; *Skinner* v. *Moore*, 2 Dev. & Bat., 138; *Marshall* v. *Fisher*, 1 Jones, 111. The same principle applies to the order for change of *venue*: they are not irregular or void; they are erroneous, and may be reversed or vacated on application of the infant, now that he has attained full age. There is error in the judgment below, which is reversed, and the case is remanded to be proceeded in, &c.

PER CURIAM.                    Judgment below reversed.