ANDREW SYME, Adm'r, v. ZILPHIA TRICE et als.

*Irregular Judgment—Motion in the Cause—Judicial Sale.*

1. It is well settled, that a motion in the cause, and not a new action, is the proper remedy to set aside an irregular judgment, whether the irregularity appears on the face of the record or not, even although the action is at an end. It is otherwise when it is sought to attack a judgment for fraud, which must be done by a new action, if the action in which the judgment sought to be attacked is at an end.

2. Where an adult was served with process in a cause, but filed no answer, and made no objection to any of the orders and decrees until three and a half years after they were passed, and then showed no injury to have resulted to her from the decrees; *It was held*, that they would not be set aside at her instance.

3. A judgment against an infant who has been served with process is not void, but at most is only irregular and voidable.

4. The Court will not set aside an irregular judgment against an infant as of course, and it will not do so, when it appears from the record or otherwise, that the infant suffered no substantial wrong, and the rights of third parties, without notice, have intervened.

(*Keaton* v. *Banks*, 10 Ired., 381; *Vass* v. *Building Ass'n*, 91 N. C., 55; *Williamson* v. *Hartman*, 92 N. C., 236; *Fowler* v. *Poor*, 93 N. C., 466; *England* v. *Garner*, 90 N. C., 197; *Turner* v. *Douglas*, 72 N. C., 127; *Morriss* v. *Gentry*, 89 N. C., 248; *Hare* v. *Holloman*, 94 N. C., 14; cited and approved).

MOTION in the cause to set aside a judgment, heard before *Graves, Judge,* on appeal from the clerk, at February Term, 1885, of WAKE Superior Court.

The plaintiff is the administrator of George W. Trice, who died intestate in the county of Wake before 1879. As such administrator, he brought a Special Proceeding in the Superior Court of that county, to obtain a license to sell land of his intestate to make assets to pay debts, &c.; and made Zilphia Trice, the sole heir at law of his intestate, party defendant thereto. She, having filed her answer in that proceeding, died, and thereupon the clerk made an order

directing that her heirs at law, Martha Williams, (now Martha Burgess,) Joseph J. Williams, and others, some of them infants under the age of twenty-one years, parties defendant, and to that end a summons was issued on the 27th day of August, 1880.

The summons was served upon the said Martha Williams and Joseph J. Williams, but they filed no answer, and it now appears that the said Joseph J. was an infant at the time of such service upon him, but it did not appear from the summons or otherwise, that he was an infant at the time of service of the same upon him. No amended complaint was filed by the plaintiff after the new parties were brought in. On the 9th day of November, 1880, a judgment, purporting to be entered by consent of all the parties, was entered, directing a sale of the land, and it was afterwards sold on the 31st day of December, 1880, the creditors of the intestate becoming the purchasers; and on the 17th of January, 1881, the sale was confirmed, and a final judgment was entered directing title to be made to the purchasers, &c.

On the 18th day of September, 1884, the said Martha Williams (now Burgess,) and Jos J. Williams moved in the proceeding, to set aside the judgment ordering the sale mentioned, the judgment of confirmation thereof, and all orders in the proceeding affecting them adversely, because of alleged irregularity.

It is not alleged, nor does it appear that the land ought not to have been sold to make assets; that the sale was unfair or fraudulent, or that it did not sell for a fair price. The appellants simply insist, that the proceeding and the judgment and orders therein were irregular, and therefore these motions should be allowed. The motion was made before the clerk, acting as the Court. He denied the motion, and upon appeal the Judge affirmed the order denying the

motion. Thereupon, the makers of the motion excepted, and appealed to this Court.

*Messrs. T. M. Argo* and *R. H. Battle,* for the plaintiff.
*Mr. John Devereux, Jr.,* for the defendants.

MERRIMON, J., (after stating the facts). The counsel for the appellees insisted on the argument before us, that the special proceeding having been determined—completely ended—a motion could not be made in the proceeding to set the judgment aside for irregularity, and that the proper and only remedy in such case must be by a new and independent action. This is a misapprehension of the law. It is well settled practice, to move in the action or proceeding to set aside a judgment in it, made because of irregularity, and this is so, whether the irregularity appears upon the face of the record or not. It is otherwise, however, when the judgment is attacked for fraud. This must be done by a new action, if the action in which the judgment complained of was granted is at an end. *Keaton* v. *Banks,* 10 Ired., 381; *Vass* v. *Building Association,* 91 N. C, 55; *Williamson* v. *Hartman,* 92 N. C., 236; *Fowler* v. *Poor,* 93 N. C., 466. Upon what ground the Court denied the motion of the appellants, does not appear. Grounds of error are not assigned with precision. Particularly, it does not appear that it held that a remedy could not be had by a motion in the proceeding. It must, therefore, be taken that the motion was disposed of upon its merits, and so accepting the fact to be, we concur in the order denying it.

The appellant Martha Burgess was of age, and in pursuance of the order of the Court, duly served with process. The Court thereupon obtained jurisdiction of her—she was before it, cognizant of all that was done in the course of the proceeding, including the orders and judgments complained of—allowed the land to be sold—the sale to be confirmed,

and made no objection until after the lapse of more than three and a half years, and at last, she does not allege that she has suffered substantial, or indeed any injury. Most clearly her motion appears to be without merit.

Nor ought the motion as to Joseph J. Williams to be allowed. It did not appear that he was an infant at the time he was made a party to the proceeding and served with process—at that time he was quite a young man, eighteen years of age, and his mother was his co-defendant, served with process, and ought to have cared for his interests. That he was an infant served with process, did not render the judgment as to him void; at most it was only irregular and voidable. *England* v. *Garner*, 90 N. C., 197; and the cases there cited; *Turner* v. *Douglas*, 72 N. C., 127. While the Court will always be careful of the rights of infants, it will not, in all cases, set aside irregular judgments against them as of course; it will not do so where it appears from the record, or otherwise, that the infant suffered no substantial injustice, especially it will not when the rights of third parties without notice have supervened. *Morriss* v. *Gentry*, 89 N. C., 248; *Williamson* v. *Hartman, supra; Hare* v. *Holloman*, 94 N. C., 14. That there were other infant defendants that might have made like motions in the proceeding mentioned, cannot help the applicants. So far as appears, they had no authority to represent their co-defendants, and besides, the counsel of the latter withdrew his motion and all objection in their behalf.

No error appears, and the judgment must be affirmed.

No error.                                        Affirmed.