It is well settled that the judgment of the court confirming the sale was irregular and not void (Lynn v. Lowe, 88 N.C. 478; Knott v. Taylor,99 N.C. 511; Wood v. Watson, 107 N.C. 52), and it has also been decided that a motion in the cause is the proper remedy to have such a judgment vacated although it be final. Carter v. Rountree, 109 N.C. 29; McLaurinv. McLaurin, 106 N.C. 331; and the cases cited.
Conceding that the purchaser, a stranger, is affected with the irregularity because the record would have disclosed a want of notice of the motion to confirm, we are nevertheless of the opinion that the motion setting aside the final judgment should not have been allowed. We think that such an order should not have been made unless there was *Page 233 
something in the affidavits which tended to show that the heirs were prejudiced by reason of the irregularities complained of.
In Stancil v. Gay, 92 N.C. 455, the Court said: "But if there were irregularities in the proceeding, affecting the decree, the appellants would not, as they seem to suppose, be entitled to have it set aside on that account, as of course. In such case it would behoove them to show that the alleged irregularities affected them adversely in a material respect."
In Williams v. Hartman, 92 N.C. 236, the Court said: "Generally a judgment will be set aside only when the (369) irregularity has not been waived or cured, and has been or may be such as has worked, or may yet work, serious injury or prejudice to the party complaining, interested in it, or when the judgment is void." See also Peoples v. Norwood, 94 N.C. 167; 1 Freeman, Judgments, sec. 102.
Now, if we apply this principle to the present case, it would seem very plain that the motion should not be allowed. There is not the slightest suggestion that the sale was unfair, or that the land did not bring its full value, nor is there any objection on the part of N. R. Reynolds to the finding that he was not a bona fide bidder. Indeed, there is nothing to indicate that these parties have been in any way prejudiced, nor does it appear that they may be prejudiced, since they do not offer to redeem the land, nor do they pretend that at another sale it will bring a greater price. If we were to set aside the judgment it would, under these circumstances, be our duty to confirm it again, and to avoid doing so vain a thing the court requires that there must be some evidence that the motion is based upon meritorious grounds.
For these reasons we think that the order of the court should be
Reversed.
Cited: Harris v. Brown, 123 N.C. 419, 424; Strickland v. Strickland,129 N.C. 89; Ins. Co. v. Scott, 136 N.C. 159; Scott v. LifeAssociation, 137 N.C. 520; Miller v. Curl, 162 N.C. 5; Estes v. Rash,170 N.C. 342. *Page 234 
(370)