HUGH W. HARRIS, Administrator *de bonis non* of Mrs. M. M. Williams, v. JOHN D. BROWN.

(Decided December 23, 1898 )

*Sale of Land for Assets — Infants — Irregularity of Judgment.*

1. In an *ex parte* proceeding to sell land for assets infant heirs are represented by a guardian or next friend, and the order of sale must be approved by the Judge.

2. While it is irregular for the administrator in such case to represent a minor heir as guardian, yet, where there is no suggestion of any unfair advantage having been taken in the sale, confirmation or elsewhere in the proceeding, such irregularity will not vitiate the title of purchaser. *Syme* v. *Trice*, 96 N. C., 246.

3. Neither will the circumstance of the death of one of the petitioners, who had made no objection to the order of sale, have that effect, although he left minor heirs, who were not made parties. *Everett* v. *Reynolds*, 114 N. C., 367.

MONTGOMERY, J., concurring: (1) For the reason, that the purchaser sought to relieve himself entirely of his purchase without tendering the amount he really owed after the allowance of his counterclaim set up in his answer.

(2) The decree of confirmation stands so far as the minor heirs of the deceased petitioner are concerned, unless they show damage growing out of the decree.

DOUGLAS, J., concurs in the concurring opinion.

PROCEEDING under Section 941 of *The Code* to collect notes given by the defendant at a judicial sale made under an order in the case W. P. Williams, administrator of Mrs. M. M. Williams, *ex parte.*

The heirs joined in the application for sale. Among them was an infant, Patrick H. Williams, represented by W. P. Williams, his father, the administrator and also commissioner appointed to conduct the sale. After the order of sale was made, but before the confirmation, one of the heirs, W. B. Withers, a petitioner, died, leaving infant heirs, who were not made parties. The sale took place in 1883 and the defendant purchaser gave his note for the price bid, $1771, with interest from September 1, 1883, at 8 per cent., and has been in possession ever since, has paid the taxes and part of the purchase money. The purchase was made at that price under an arrangement between the administrator, heirs and the purchaser: That the administrator, who was the husband of the intestate, would surrender his right as tenant by the curtesy; that the purchaser would purchase at the stipulated price; that a debt which the defendant held against the estate, amounting to $888.83, should be allowed as a credit on the price bid for the land; and that the land should be sold for assets.

W. P. Williams, the administrator, was subsequently removed, and the plaintiff, Harris, was substituted in his place, and he had the rule issued against the defendant to show cause why he should not pay his purchase note.

In answer to the rule and notice, the defendant alleged the irregularities, to-wit, the circumstances of the previous administrator and commissioner representing a minor heir, and that the minor heirs of Withers were not represented at all—as grounds affecting the validity

of the sale, and asking that the sale might be set aside; or, if it should be held that the sale was valid, that he might be allowed his debt against the estate, according to the original agreement, under which he had made the purchase. The plaintiff filed a demurrer to the grounds alleged in the answer for setting aside the sale, which demurrer was sustained so far as it related thereto. Defendant excepted, and a reference was ordered to Geo. E. Wilson, Esq., to ascertain and report the existence and amount of the alleged debt. The referee filed his report, ascertaining that the alleged debt claimed by the defendant was just and valid, and that after allowing it as a credit, there remained due of the purchase money and interest the sum of $1826.52 with interest on $846.94 from June 6, 1898, at 8 per cent.

The defendant excepted to the report, and contended that the sale should be set aside on account of the irregularities in the proceedings already stated.

The report and exceptions thereto came on to be heard before *Starbuck, J.*, at October Term, 1898, of MECKLENBURG Superior Court. His Honor overruled the exceptions and confirmed the report, and rendered judgment accordingly against the defendant for $1826.-52 with interest on balance of principal money, $846.94, at 8 per cent. and costs.

It was further adjudged, that if this judgment was paid within 60 days from October 17, 1898, that the plaintiff, appointed commissioner for that purpose, shall execute to the defendant a deed for the land, and if not paid, that the commissioner shall advertise and sell the land, make title to the purchaser, apply the proceeds to the judgment, and the remainder, if any, to be paid to defendant.

Defendant appealed from the judgment and ruling of the Court.

*Messrs. Burwell, Walker & Cansler,* for defendant (appellant).

*Messrs. Osborne, Maxwell & Keerans* for plaintiff.

FAIRCLOTH, C. J.: This proceeding is for the purpose of collecting the balance of the purchase price of certain land bought by the defendant, under an order of the Clerk to sell said land for assets in an *ex parte* petition by the administrator and the heirs, entitled "M. Williams and others *ex parte.*" One of the heirs was a minor and appeared by his guardian and next friend, who was the administrator of the intestate, and was appointed commissioner to sell the land. The sale was made, and approved and confirmed by the Judge of the Superior Court, and a deed ordered to be made as soon as the purchase price was paid by the defendant who was the purchaser. The sale was in 1883, and the defendant has been in possession ever since, receiving the profits, paying taxes, and has paid a part of the purchase price.

Before the petition was filed, the administrator guardian of his minor son, the other heirs at law and the defendant entered into an agreement: 1. That the father would surrender his rights as tenant by the curtesy. 2. That the defendant would purchase the land at the stipulated price. 3. That the defendant's debt against the estate should be a credit on the price bid for the land. 4. That the land should be sold for assets. After this notice to defendant of a motion in the proceeding for a judgment for the balance, a reference was had to ascertain the balance due, charging the de-

fendant with the purchase price and crediting him with all he had paid out and with the amount of his claim against the estate according to agreement, and, for the balance thus ascertained, judgment was entered and the defendant appealed to this Court. The plaintiff succeeds the original administrator, and A. B. Withers, one of the adult petitioners, died, leaving minor heirs, after the sale was ordered, but before it was confirmed. There was no objection made by any one to the sale and its confirmation.

In apt time, the defendant objected to the rendition of judgment against him on the ground that he could not get a good title because of irregularities in the proceeding, that is to say, that the administrator was also commissioner to sell and guardian of the minor, and because the minor heirs of A. B. Withers were not made parties before the confirmation of the sale. There is no force whatever in the objection that the administrator was also commissioner to make sale. It was irregular that he should represent the minor as guardian, but irregularities do not always render the judgment void.

It does not appear that A. B. Withers during his life time made any objection to the order of sale, and it is to be presumed that he was content therewith. In adversary proceedings, the parties are at arm's length and each one fights for victory. In such cases, if minors are parties without guardian, general or special, it is irregular, and on arriving at maturity they may reject or accept at their option. But in *ex parte* proceedings, they must be represented by a guardian or *next friend;* and the law has wisely provided further protection by requiring that no order or judgment of the Clerk on the merits of the case, capable of being prejudicial to the infant, shall be valid "unless submitted to and approved

by the Judge of the Court in or out of term." *Code*, Section 286. This is an important duty on the part of the Circuit Judges. *Code*, Section 1439. These duties must be presumed to have been performed before the Judge approved and confirmed the sale. After fully considering the record, we are not moved to disturb the judgment.

There is no suggestion or contention that any unfair advantage in the sale, confirmation, or elsewhere in the course of the proceeding, was taken. The petitioners performed their agreement in all respects, and now demand that the defendant shall do the same.

"Even an irregular judgment, where it appears from the record or otherwise that the infant suffered no substantial injustice, will not be set aside." *Syme* v. *Trice*, 96 N. C., 246. Where there is no suggestion that the sale was unfair or that the land did not bring its full value or that the parties were prejudiced, the Court will not set aside the sale where the defendant died before confirmation and his heirs were not made parties to the action. *Everett* v. *Reynolds*, 114 N. C., 367.

The sale was made 15 years ago, and if the defendant believed the record would not protect him, he should have made his fears known at an earlier day.

                                                    Affirmed.


MONTGOMERY, J , concurring: I concur in the opinion of the Court that the judgment ought to be affirmed. And this for the reason that the defendant ought to relieve himself entirely of his purchase of the land and without tendering the amount he really owed after the allowance of his counterclaim set up in his answer. The case of *Everett* v. *Reynolds*, 114 N. C., 367, does not apply in this case, in my opinion, for the reason

that the *heirs at law themselves* in that case who were not parties to the proceedings at the time of the confirmation of the sale, made the motion after becoming parties to set aside the decree of confirmation for irregularity. The Court held that as they had not shown that they had been injured, the decree of confirmation would not be disturbed. In the case before us, the heirs at law of Withers, one of the owners of the land, who were infants at the time of the decree of confirmation have not been heard from. They may yet claim injury growing out of the decree of confirmation. The decision of the Court in this case binds them before a hearing.

DOUGLAS, J.:  I concur in the concurring opinion.