ROBERTSON AND THOMPSON v. BLAIR & CO.

KENT FURNITURE MFG. CO. v. SAME.

BAGBY AND RIVERS v. SAME.

1. EVIDENCE—COMPROMISES—It is contrary to the policy of the law to allow statements made in the course of negotiations looking to a compromise to be offered in evidence against the party making them, if effort to compromise proves abortive.

2. JURISDICTION—MINOR—GUARDIAN AD LITEM—VOIDABLE JUDGMENT.— The Court of Common Pleas acquires jurisdiction of the person of a minor defendant over fourteen years of age by personal service of summons, and failure to appoint guardian *ad litem* does not affect the jurisdiction, but only renders judgment voidable.

3. CASES DISTINGUISHED.—*Finley* v. *Robertson,* 17 S. C., 435; *Bulow* v. *Witte,* 3 S. C., 309; *Walker* v. *Veno,* 6 S. C., 459; *McCroskey* v. *Parks,* 13 S. C., 92; *Rollings* v. *Brown,* 37 S. C., 345, distinguished from this.

4. JUDGMENT—REMEDY—MINOR—GUARDIAN AD LITEM.—A MOTION in the case is the proper remedy to set aside a voidable judgment against a minor for failure to have him represented by guardian *ad litem.*

5. JUDGMENT—MINOR—GUARDIAN AD LITEM—LACHES.—A defendant who was served with summons and complaint for goods sold and delivered before his majority, while merchandising, and whom plaintiff did not know was a minor, and who was not represented by guardian *ad litem,* cannot after an elapse of seven years have judgment vacated on sole ground of his minority at time of service.

6. NOTICE—PUBLIC OFFICE.—An act done in a public office open for information of parties interested must be taken notice of by them.

7. SUPREME COURT—CIRCUIT JUDGE—APPEAL.—This Court does not enquire into the reasons given by a Circuit Judge for his conclusions, but only inquires if his conclusions be correct.

Before GAGE, J., Fairfield, November, 1898.    Affirmed.

Motions in above stated cases to set aside the judgments therein by default.    The Circuit order is as follows:

This is a motion to vacate a judgment.    The judgment was filed by the plaintiff against the defendant, 9th October, 1891, and it was by default.    The motion is by the defendant, L. M. Blair; and the ground of it is the fact that at the time the judgment was entered, the defendant, L. M. Blair, lacked about four months of attaining his majority, and he was not served according to the provision of the Code regulating actions against infants.    There is no contest about the defendant's age.    The defendant also alleges in his affidavit, that he has a good defense to the cause of action, and further, that he did not know of the judgment until April of the current year.    An inspection of the record shows that the summons was personally served on L. M. Blair; it fails to show the appointment of a guardian *ad litem* to defend the suit.    The Court had jurisdiction of the subject matter; it had also jurisdiction of the person when its process was personally served on him.    The judgment thereafter rendered, was, therefore, not void; at most it was voidable.

This is a proper proceeding to avoid the judgment.    The exact inquiry is, ought it to be vacated, in this instance, on the showing made?    I limit the inquiry to the facts of this case, because the justice of every suit must depend on the facts of that suit.    A judgment like this against an infant will not be vacated, as matter of course, upon proof of the simple fact that, when rendered, the defendant was an infant.    If A., a minor, should purchase of B. the necessaries of life, and B. should sue A. therefor and get judgment, the same would not be vacated although no guardian *ad litem* for A. had been appointed in the action.    If vacated at all, it would be because justice had not been done between the parties.    How is this case differentiated?    The defendant, L. M. Blair, was a merchant with his brother, J. E. Blair; the firm bought a lot of tobacco and furniture; failed to pay;

was sued to judgment in three cases (of which this is one) ; does not deny they bought the goods; does not charge they have been imposed upon; the judgment has stood seven years. There is an allegation in the moving affidavit that L. M. Blair has a good defense to the action, and that he did not know of the judgment until April, 1898. But the defense is not disclosed, and I, therefore, cannot judge if it be good. The deponent does not deny that he was served with process, he does not deny that he knew he was sued in the case. It may be said he did not know judgment followed suit; but it was his duty to know that. Therefore, the only ground upon which the motion can rest, is the minority of one of the defendants. In my judgment, that is not by itself a sufficient ground to vacate a judgment of this character of seven years standing. I do not rest my decision on the character of the contract with the infant, whether it was void or voidable; that question was merged in the judgment, and the question here is the status of record. Nevertheless, I think the contract for the goods was binding on the infant at least, until other facts are shown tending to show the business was a hazardous one. Nor do I rest my decision on any act of L. M. Blair, looking to a compromise of the claims, as being a ratification of the judgment. I simply hold, that the motion papers disclose no ground for the vacation of a judgment, rendered seven years ago, in a case when the Court had jurisdiction of the subject and the parties, except the fact that at that time the defendant in judgment was only twenty years and eight months old. In every case reported since the adoption of the Code, wherein judgments have been vacated because infants, defendants, have been improperly sued, the ground of such opinion has been the failure to acquire jurisdiction of the infant by proper service. *Finley* v. *Robertson,* 17 S. C., 440; *Genoble* v. *West,* 23 S. C., 166; *Carraway* v. *Drake,* 36 S. C., 355; *Ruff* v. *Elkin,* 40 S. C., 77; *Tederall v. Bouknight,* 25 S. C., 275.

The defendant has waited too long; he has been guilty of laches; his creditor is now barred by the statute of limita-

tion; it would be unjust to grant him the relief asked for. It is, therefore, ordered, that the motion to vacate the judgment hereinbefore referred to, be and the same is hereby refused.

From this order, defendant, L. M. Blair, appeals on following exceptions:

I. For that his Honor erred in not holding that the defendant, L. M. Blair, being an infant at the time the judgment was rendered against him, by default, and no guardian *ad litem* being appointed to represent him in the suit, nor any notice of the appointment of a guardian *ad litem* served on said defendant, the judgment was voidable, and should have been vacated as to the infant defendant..

II. For that his Honor erred in not vacating said judgment, the same being (if not void) at least voidable, under the facts of the case, the defendant being a minor at the date of the rendition thereof, and was not represented by guardian *ad litem*.

III. For that his Honor erred in holding that a judgment like this against an infant will not be vacated, as a matter of course, upon proof of the simple facts that, when rendered, the defendant was an infant, and did not appear by guardian *ad litem* in the suit, said judgment being taken by default; when he should have held that these facts appearing, the judgment was void or at least voidable, and he should have vacated the same.

IV. For that his Honor erred in holding that it is the duty of the infant to know that judgment follows service of process on him, and that the infant will be bound by judgment after service on him taken by default; when he should have held the infant was not bound by judgment unless he appeared by guardian *ad litem*.

V. For that his Honor erred in holding that the motion papers disclosed no grounds for vacating the judgment; when he should have held that it does appear that the said L. M. Blair was an infant at the time of rendition of said

judgment, that no guardian *ad litem* was appointed for him, that he did not know of the judgment until April, 1898, and that he had a good defense to the action.

VI. For that his Honor erred in holding that the defendant has waited too long, and has been guilty of laches; when he should have held that the motion to vacate the judgment was made in due time, and defendant was not guilty of laches.

VII. For that his Honor erred in holding that the lapse of time will defeat the defendant's right to have the judgment vacated; when he should have held there is no statute of limitation fixing the time within which a judgment of this kind can be vacated.

The respondents gave notice that they would ask this Court to sustain the judgment, on the following additional grounds to those mentioned in said judgment:

1. That, the judgments being against a partnership, the defendant, L. M. Blair, claiming to have been an infant at the time the said judgments were rendered, must show either that there was no such partnership or that he repudiated and disavowed the said partnership after attaining his majority; otherwise he is bound by all of the liabilities of said partnership.

2. That the said judgments and the contracts on which the same were based, being merely voidable at most and not void, are capable of being ratified and confirmed by the defendant, after he became of age; that he should have disavowed and disaffirmed them within a reasonable time after attaining his majority, and if he failed to do so, for an unreasonable length of time, said judgments should not be set aside or opened on the mere ground of infancy—especially when the defendant was nearly twenty-one years of age when he was personally served with the summons and complaints in these actions.

3. That the acts of the defendant after he became of age, and the letters written by him to the attorney of respondents

in relation to said judgments, show a waiver of his rights under the plea of infancy, and amount to a ratification and confirmation of his liability on said judgments.

4. That the matter and question of opening or setting aside said judgments, they being merely voidable, was a matter within the discretion of the Circuit Judge, and is not appealable, unless it appears that there was a legal abuse of his discretion in the premises.

*Mr. Jas. W. Hanahan,* for appellant, cites: *If minor defendant do not appear by guardian ad litem, judgment will be set aside:* Code, 136; 2 Rich., 326; 5 Rich. Eq., 197; 3 McC., \*21; 17 S. C., 439; 25 S. C., 280; 93 U. S., 150. *Infant cannot know effect of judicial proceedings, so far as defending rights in civil actions:* 2 Rich., 326; 3 McC., \*21; 2 Rich., 152; 3 Rich., 168. *For purposes of this motion, it is not necessary to show a good defense:* 3 McC., \*21; 50 S. C., 501. *No statutory limitations as to motions of this sort:* 17 S. C., 449; 48 S. C., 568; 1 Mills, 133; 3 McC., \*21; 6 S. C., 56; 2 DeS. Eq., 55. *Burden of confirmation rests on party claiming benefit:* 1 Bail., 28; 4 McC., \*242; 2 Hill, \*167; Harp., 467; 3 Rich., 168; 2 Rich., 148; 33 S. C., 285. *Motions to vacate judgments for substantial defects are not matters of discretion:* 19 S. C., 569; 36 S. C., 320; 26 S. C., 415.

*Mr. J. E. McDonald,* contra, cites: *Judgments are not void which do not show on their face that defendant was a minor:* 24 S. C., 398; 34 S. C., 462; 40 S. C., 78; 47 S. C., 552. *Court acquired jurisdiction of person of defendant by personal service:* Code, 148, 155; 19 S. C., 536; 24 S. C., 401. *Failure to appoint guardian ad litem not jurisdictional defect, but only irregularity:* 19 S. C., 535; 14 Rich., 561; 17 S. C., 435; 23 S. C., 166; 30 L. R. A., 707; 23 S. C., 187; 24 S. C., 373; 25 S. C., 275; 42 S. C., 523; 31 S. C., 579; 34 N. Y., 539; 66 N. Y., 175; 8 Met., 196; 51 Cal., 273; 74 Cal., 273. *Previous to Code, rule was different:*

3 S. C., 309; 6 S. C., 459; 13 S. C., 92; 37 S. C., 347. *Court having acquired jurisdiction of defendant, judgment will not be set aside as matter of course nor of legal right, because defendant was minor, and no guardian ad litem was appointed:* 68 Ind., 569; 31 S. C., 580; 1 S. E. R., 481; 90 N. C., 197; 72 N. C., 127; 89 N. C., 248; 92 N. C., 236; 94 N. C., 14; 8 S. E. R., 99; 1 S. C., 243; 1 Mills, 133; 2 Rich., 324; 21 S. C., 598. *If judgment is correct, it will not be disturbed, if reasons given therefor are erroneous:* 24 S. C., 597; 28 S. C., 607; 30 S. C., 233; 52 S. C., 36; 36 S. C., 374. *If defendant continued partnership after attaining majority, it amounts to ratification:* 2 Hill, 480; 27 S. C., 300; 33 S. C., 292. *Defendant is bound by judgments, because he has failed for unreasonable length of time to repudiate them:* 7 S. C., 302; 86 Wis., 378; 44 Wis., 136; 43 N. W. R., 784; 24 Wis., 340; 4 McC., 241; 3 Rich., 165; 4 DeS., 465; 2 Bail., 114; 27 S. C., 302. *Order is not appealable:* 52 S. C., 307; 19 S. C., 557; 38 S. C., 556; 15 S. C., 614; 17 S. C., 451; 23 S. C., 602; 35 S. C., 613. .

September 30, 1899. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER.. These three cases, growing out of the same facts, and depending upon the same principles, were heard and will be considered together. A motion was made before his Honor, Judge Gage, at September term, 1898, of the Court of Common Pleas for Fairfield County, to vacate the judgments entered in each of said cases upon the ground that the defendant, L. M. Blair, was a minor at the time said judgments were entered, and that no guardian *ad litem* was appointed to represent him in the actions in which said judgments were obtained. The facts as set forth in the moving papers and in the "Case" are undisputed, and may be stated as follows: The actions were commenced by the plaintiffs respectively by summons and complaint issued on the 20th of August, 1891, and served on the defendants, personally, on the 27th of August, 1891,

as appears by the endorsements on each summons.    These
actions were based upon money demands alleged to be due
the plaintiffs respectively for goods sold and delivered by
them to the defendants, L. M. Blair & Bro., a copartnership
composed of the said L. M. Blair and his brother, J. E. Blair.
No notice of an application for the appointment of a guar-
dian *ad litem* for the defendant, L. M. Blair, was served, and
no petition for the appointment of a guardian *ad litem* for said
L. M. Blair was ever filed, and no order for the appointment
of such guardian *ad litem* was ever made.    No answers hav-
ing been filed by either of the defendants, orders for judg-
ments by default were endorsed on the complaint in each of
said actions, on the 3d of October, 1891, and such judgments
were entered on the 9th of October, 1891.    The defendant,
L. M. Blair, was born on the 14th of January, 1871, and
was, therefore, a minor at the time of the recovery of said
judgments, though this fact was not then known to the
plaintiffs, and only known now from the statements made in
the affidavits in support of the motion to vacate the judg-
ments; the fact that the other defendant, J. E. Blair, was *sui
juris* when the judgments were recovered, is not disputed,
and, in fact, is admitted by his affidavit.    L. M. Blair says,
in his first affidavit, in support of his motion to vacate the
judgments, "that he has a good defense to the alleged cause
of action in said suit, which has not been made in his behalf
by reason of his not being represented by guardian *ad litem*
in said suit;" but he does not state what is such defense, nor
the facts upon which it is founded, nor does he state that he
has fully and fairly stated the same to his counsel, and has
been advised by him that he has a good defense.    In his sec-
ond affidavit, this defendant, L. M. Blair, says: "that the
first information he had of the existence of the said judg-
ment was in the month of April, 1898 (which from other
statements made in the moving papers appears to have been
on or about the 7th of April, 1898), when he received a let-
ter from the branch office of Bradstreet Mercantile Agency
in Charleston, S. C., demanding payment of said judgment;

that thereupon deponent went to Winnsboro and examined the records, and found the said judgment on record in the office of the clerk of court; that up to the time he received the letter above mentioned, he did not know of said judgment, and was surprised to learn of the same; that he thereupon immediately consulted with his attorney as to the proper steps to be released from said judgment, and to have the same set aside and declared null and void." But the record before us shows that no step in this direction was taken until 11th of August following, though it is due to the appellant to say that this delay may have been due to the negotiations into which he entered with the attorney for plaintiffs looking to a compromise of these judgments which proved to be abortive. What passed between these parties in the course of these negotiations is fully set out in the "Case," but need not be stated here, as it is contrary to the policy of the law to allow statements made in the course of negotiations looking to a compromise to be offered in evidence against the party making them, if the effort to compromise proves abortive. 1 Greenlf. on Ev., sec. 192.

Upon the facts thus substantially stated, the Circuit Judge passed an order refusing the motions to vacate the judgments, from which this appeal has been taken upon the several grounds set out in the record, and the respondents, according to the proper practice, have given notice that they will ask this Court to sustain the order of Judge Gage upon the additional grounds set out in the record. A copy of the order, together with the grounds of appeal, as well as the additional grounds upon which the Court is asked to sustain the order appealed from, should be embraced in the report of this case by the Reporter.

We do not propose to consider these various grounds *seriatim,* but will rather confine our remarks to what we regard as the controlling questions in the case.

In the first place, we may remark that there is nothing on the record of these judgments to show any jurisdictional defect. On the contrary, these records show

that the Court not only had jurisdiction of the sub-
ject matter (as to which there is no controversy), but also
of the persons of these defendants; for the Code, sec. 148,
provides that "Civil actions in the Courts of record of this
State shall be commenced by service of a summons;" and in
sec. 160 it is declared that: "from the time of the service of
the summons in a civil action, or the allowance of a provi-
sional remedy, the Court is deemed to have acquired juris-
diction and to have control of all the subsequent proceed-
ings." Now as the conceded fact is that it appears on the
record that both of these defendants were personally served
with the summons and complaint on the 27th of August,
1891—more than twenty days before the judgments were
rendered—it is very clear that the Court not only had juris-
diction of the subject matter, but had also acquired jurisdic-
tion of the persons of both defendants; for although it now
appears that one of these defendants—L. M. Blair—was a
minor at the time, yet as it also appears that he was over the
age of fourteen years, and was properly made a party by
personal service of the summons, as provided by subdivision
4 of sec. 155, of the Code, there can be no doubt that the
Court thereby acquired jurisdiction of his person. It fol-
lows, therefore, that when a judgment has been rendered
against an infant in an action in which the Court has ac-
quired jurisdiction of the person of the infant by the service
of the summons upon him personally, such judgment is not
void even though no guardian *ad litem* shall have been
appointed for the infant, but is merely voidable. This view
is supported by authority both here and elsewhere. In 10
Ency. of Pl. & Prac., 630, it is said, in speaking of such a
judgment: "The judgment is merely erroneous; it is voida-
ble but not void, and until set aside in a proper proceeding
for that purpose, it is valid and binding." To the same
effect see the same volume of that valuable work, page 632,
where it is said: "The omission to appoint a guardian *ad
litem* does not affect the jurisdiction of the Court." And
again at page 634, where it is said: "If the Court has juris-

diction of the parties and the subject matter, irregularities in the appointment, or even the fact that no appointment of a guardian *ad litem* was made, do not, as has been seen, render the judgment void, and being merely errors or irregularities, they may be cured or waived." And at page 726 of the same volume, it is said that this is true even when the judgment is by default. So, also, in *Finley* v. *Robertson*, 17 S. C., 435, it was held that the mode prescribed by statute—the Code—for making infants parties to an action, to wit: by personal service of the summons, where, as in this case, the infant is over the age of fourteen years, must be strictly followed, or otherwise the Court will not obtain jurisdiction of the person of the infant. Now while the writer of that opinion does go on to say that: "Equal care must be observed in the appointment of a guardian *ad litem,* the prerequisities to which appointment are likewise clearly enacted," yet that case does not hold, as seems to be supposed, that the appointment of a guardian *ad litem* is necessary to enable the Court *to acquire jurisdiction* of the person of the infant. It only holds that the appointment of a guardian *ad litem* in the mode prescribed by the Code, is necessary to relieve the judgment from any imputation of error in rendering the same. If there could be any doubt of this, such doubt is dispelled by the subsequent case of *Genobles* v. *West,* 23 S. C., at pages 166-7, where it was held that after the Court had acquired jurisdiction of the person of an infant, by the personal service of the summons, any errors or irregularities subsequently occurring cannot affect the question of jurisdiction. See, also, *Riker* v. *Vaughn,* 23 S. C., 187, and *Tederall* v. *Bouknight,* 25 S. C., 275. The cases of *Bulow* v. *Witte,* 3 S. C., 309; *Walker* v. *Veno,* 6 S. C., 459; *McCroskey* v. *Parks,* 13 S. C., 92, and *Rollings* v. *Brown,* 37 S. C., 345, together with other older cases, have been or may be cited to show that the appointment of a guardian *ad litem* was necessary to enable the Court to acquire jurisdiction of an infant defendant, cannot be applied to this case, for the reason that in all those cases

the question was whether the Court had acquired jurisdiction of an infant defendant in proceedings instituted *prior to the adoption of the Code of Procedure;* where, as it is said, there was no statute or decision prescribing the mode in which infants could be made parties before the Code—a circumstance which was pointedly referred to by Mr. Justice McGowan, in delivering the opinion of the Court in *Tederall* v. *Bouknight, supra,* and was again mentioned in *Rollings* v. *Brown, supra.* Now, however, when, as in this case, the question arises, as to whether the Court had acquired jurisdiction of the person of an infant defendant in a proceeding instituted since the adoption of the Code, which especially prescribes what shall be necessary in order to enable the Court to acquire jurisdiction of the person of an infant defendant, the question must be determined by those provisions, without regard to what may have formerly been the rule. As we have seen, looking to those provisions, we are unable to find any jurisdictional defect in the judgments here in question. On the contrary, there is nothing on the record to show any defect therein, and hence they cannot be regarded as void.

Our next inquiry is whether it has been shown, by evidence *aliunde,* that they are voidable. The only defect alleged is that one of the defendants—L. M. Blair—was a minor at the time the judgments were rendered, and that there was no guardian *ad litem* appointed to represent him. The fact that he was a minor does not appear upon the record, though that fact has been satisfactorily shown by the affidavits submitted in support of the motion. Nor does the fact that there was no guardian *ad litem* appointed to represent him appear upon the record, though that fact has likewise been made to appear satisfactorily. This, therefore, shows that there was error in rendering the judgments in question, for the Code, in sec. 136, provides that when an infant is a party, he must appear by guardian *ad litem.* This renders these judgments voidable upon a proper proceeding and satisfactory showing for that

purpose; and the only remaining question is, whether the showing made is sufficient to require the Court to vacate said judgments. There is no doubt that this—a motion in the cause—is a proper mode of proceeding, and the inquiry is narrowed down to the question whether the showing made is sufficient to require the Court to grant the relief asked for. As is said in 10 Ency. of Pl. & Prac., 704: "An infant has in general no absolute right to avoid a judgment or decree against him, and even an irregular judgment will not be vacated as of course." To same effect see Freeman on Judgts., secs. 151 and 513; Black on Judgts., sec. 193. The case of *Syme* v. *Trice,* 1 S. E. Rep., 480 (96 N. C., 243), was in some of its features very much like the present. There the motion was to vacate a judgment obtained against a minor, a youth of eighteen years of age, not known to be a minor at the time, though that fact was afterwards made to appear. The motion was refused, the Court saying: "That he was an infant served with process, did not render the judgment as to him void. At most, it was only irregular and voidable (citing authorities). While the Court will always be careful of the rights of infants, it will not in all cases set aside irregular judgments against them as of course. It will not do so where it appears from the record or otherwise, that the infant suffered no substantial injustice; especially it will not when the rights of third perties without notice have supervened." It is true, that in the case just referred to, the rights of third persons, who had bought at the sale made under the judgment sought to be set aside, were involved, while here such is not the case, but still, it seems to us, that the principles upon which the Court proceeded are applicable here. But we are not without authority in our own State on this point. In *Haigler* v. *Way,* 2 Rich., 324, the Court, after holding that a judgment obtained against an infant, who did not appear by guardian, is erroneous, goes on to say that the Court is not bound, after the infant has attained his majority, to set aside such a judgment upon the mere fact that he was an infant when it

was obtained, but may consider lapse of time, the conduct of
the defendant, and other circumstances, as having confirmed
the judgment or rendered the interference of the Court im-
proper.    In the light of these legal principles, let us proceed
to examine the facts of this case as disclosed by the moving
papers.    Here was a young man, within a very few months
of attaining the full age of twenty-one years, engaged in a
mercantile business in partnership with his brother, who is
conceded to have been of full age, who buys from the several
plaintiffs goods, wares and merchandize appropriate to be
used in such mercantile business, and when he, with his part-
ner, is sued for the price of such goods, sets up no defense,
not even the fact that he was a  minor and,  therefore,  not
legally liable, but allows judgment to go by default.    Things
remain in this condition for a period of nearly seven years,
when, being called upon to pay, he then, as he says, for the
first time, learns that judgments have been recovered against
him, and after ineffectual efforts to compromise, institutes
these proceedings to vacate these judgments—*not* upon the
ground that the debts upon which the judgments rested were
unjust, or not due, nor upon the ground that he was not duly
served with the summons by which the actions were com-
menced, but solely upon the ground that no guardian *ad
litem* had been appointed to represent him, although he did
not see fit to avail himself of the privilege accorded to him
by the law, of applying for the appointment of such guar-
dian; and relies entirely upon the failure of the plaintiffs to
apply for such appointment, upon his neglect to make such
application—although there is not only no evidence that the
plaintiffs either knew or had any reason to suspect that he
was a minor, but, on the contrary, the affidavits show that
they did not know he was a minor, and the circumstances
tend to show that they had no reason to suspect that such
was the fact, for he was then a grown man, within less than
four months of attaining the full age of twenty-one years,
engaged in business which held him out to the world as a
person of full age.    Then, too, his failure to take any step

to relieve himself of these judgments for a period of nearly seven years, is a circumstance which does not recommend his claim to the favorable consideration of the Court. True, he says he did not know of the existence of these judgments until a comparatively short time before these proceedings were instituted, yet he does not and cannot deny that he was served with the summons but a very few months before he attained his majority, and, therefore, as matter of fact, he knew that he was sued, and the terms of the summons fully informed him what would be the consequence if he failed to answer; and while, as matter of law, he might not have been bound thereby so long as his minority continued, yet when he, very soon afterwards, came of age, he must have known that judgment had gone against him. Here was an act done in a public office to which he had full access, and the rule of law is that an act done in a public office, open for the information of parties interested, must be taken notice of by them. *Payne* v. *Harris,* 3 Strob. Eq., 39—recognized and followed in several other cases: *Long* v. *Cason,* 4 Rich. Eq., 60; *Pettus* v. *Clawson,* 4 Rich. Eq., 92; *Fricks* v. *Lewis,* 26 S. C., 237; *Ariail* v. *Ariail,* 29 S. C., 84; *Boyd* v. *Munro,* 32 S. C., 249. And the later cases cited show that this rule applies even where the act done in a public office, is not, as a matter of fact, known to the person to be affected by such notice. From the time, therefore, that the appellant, L. M. Blair, attained the age of twenty-one years, a period of more than six years, he must, under this rule, be regarded as affected with notice that these judgments had been recovered against him. It seems to us, therefore, that the appellant, L. M. Blair, has waited too long after he attained full age to make this motion, and that he has entirely failed to make such a showing as would entitle him to the relief asked for.

We have not deemed it necessary to consider such of the exceptions as impute error to the Circuit Judge in some of the reasons which he assigns for his conclusion. It is too well settled to require either argument or au-

thority, to show that the province of this Court is to inquire whether there is any error in the judgment or order appealed from, and not whether the reasons given for the conclusion reached are tenable.

The judgment of this Court is, that the orders appealed from in each of the cases named in the title of this opinion be affirmed.