## MIDDLETON v. STOKES.

1. MINOR—SUMMONS.—Proof of service on infant will be sustained when it does not state place of service, if from the record it may be inferred that the infant resided within the jurisdiction of the Court.

2. IBID.—GUARDIAN AD LITEM.—JUDGMENT will not be set aside because clerk of Court appointed guardian *ad litem* in a case in which he had no authority to do so without proof that the infant suffered substantiial injury, especially when interests of subsequent purchasers have become involved.

3. IBID.—IBID.—IBID.—CHAMBERS.—Consent of guardian *ad litem* irregularly appointed to hear case at chambers will not invalidate judgment in absence of showing of prejudice to infant.

Before DANTZLER, J., Hampton, June, 1904. Affirmed.

Motion by defendant to set aside judgment in Sallie C. Middleton against Annie C. Stokes. A. Leffler & Son, Sea-

board Air Line Ry. and M. L. Peeples were served with motion papers. From Circuit order refusing motion, movant appeals.

· *Messrs. W. S. Tillinghast* and *Bellinger & Townsend,* for appellant, cite: Code of Proc., 159, 136; 20 Wis., 320; 53 Wis., 72; 37 Wis., 333; 49 Wis., 553; 64 Ind., 194; 35 Ky., 28; 6 Ala., 451; 23 S. C., 188; Fitnan's Trial Proc., sec. 232; 62 Ala., 322; 57 Fed. R., 971; 29 Fla., 299; 56 S. C., 96; 60 Barb., 117; 13 Abb. Proc. (N. S.), 169.

*Messrs. W. B. S. Smith* and *W. B. de Loach,* contra, for Peeples, cite: 59 S. C., 384; 51 S. C., 393; Code of Proc., 155; 19 S. C., 536, 399; 24 S. C., 401; 21 S. C., 598; 31 S. C., 579; 56 S. C., 96; 58 S. C., 454; 35 S. C., 391; 48 S. C., 567.

*Mr. James W. Moore,* contra, for Seaboard Air Line Ry., cites: 59 S. C., 378; 56 S. C., 96; 10 Ency. P. & P., 704; Freem. Judg., 193; 96 N. C., 243; 16 S. C., 496, 276.

*Messrs. Elliott & Thomas,* contra, for Leffler & Sons, cite: Code of Proc., 155; 35 S. C., 402; 48 S. C., 569; 42 S. C., 511; 39 S. C., 477; 59 S. C., 378, 96; 23 S. C., 166; 2 Bay, 424.

March 6, 1905.   The opinion of the Court was delivered by

MR. JUSTICE WOODS.   This action was commenced to perfect the title of the plaintiff as against the defendant, her infant daughter, to a tract of land by procuring a conveyance to be made under the order of the Court.   It appears from the complaint that Seth D. Stokes died in 1887, intestate, leaving as his only heirs his wife, the plaintiff, and his daughter, the defendant; that he owned a tract of land of 236 acres, subject to a mortgage; that the plaintiff paid the holder of the mortgage, in 1891, $655.68, the amount then

due on the mortgage, and took from the mortgagee "a title to the said tract of land." It was alleged in the complaint that the title so made by the mortgagee was insufficient, and that the amount paid to him was the full value of the land. The Court was asked to order the clerk to make a title to the plaintiff. The prayer of the complaint was granted and the title was made by the clerk to the plaintiff under the decree of the Court. Subsequently, A. Leffler & Son, M. L. Peeples and Seaboard Air Line Railway Company acquired title through the plaintiff to portions of the tract of land. The plaintiff died after the execution of the title to her and the defendant, now Annie C. Kincaid, and J. K. Kincaid, her husband, are executrix and executor of her will. The defendant, who is now twenty-two years of age, moved in April, 1904, to vacate and set aside the decree under which the land was conveyed by the clerk on several grounds mentioned in the notice. The Circuit Judge refused the motion.

The first question involved in the appeal is whether the proof of service of the summons on the infant is so fatally defective in not stating the place of service that the decree is void. The proof of service is as follows:

"South Carolina, Hampton County. Personally appeared Andrew P. Lawton, who, being duly sworn, says: That he did, on the 15th day of June, A. D. 1891, serve a copy of the within summons and complaint on the infant defendant, Annie C. Stokes, by delivering the same to her in person, and that he has no interest whatsoever in said suit. A. P. LAWTON.

"Sworn to before me, this 22d day of June, A. D. 1891.
"John A. Tison, (L. S.) Notary Public."

The motion was based entirely on the record as it stands, no allegation or proof having been offered that the defendant was not a resident of Hampton County and served therein. It is said in 1 Wait's Practice, 544: "While it is a substantial compliance with the requirements of the statute, as to the

manner of the service of the summons, that gives to the
Court jurisdiction in a cause and a right to control all subse-
quent proceedings, the mode of proof of such service is a
mere question of practice, and is incidental, and subordinate
to the jurisdictional fact that such service was duly made."
It is the actual service and the actual residence that deter-
mines the jurisdiction of the person—not the proof by which
these conditions of jurisdiction are made to appear. The
purpose of the statutory requirement that the proof of ser-
vice should state the place of service, is to inform the Court
as to its jurisdiction, just as the requirement that the time
should be stated is to inform the Court whether the defend-
ant has had the required time to answer. If the proof fails
to show the time of service, it would hardly be contended
that the judgment should be avoided without any showing
that the time had not actually expired when the decree was
made. But aside from this view, the record affords at least
some evidence that the service was made in Hampton
County. The land was in that county, the action was
brought there. The proof of service was made in Hampton
County before a notary public, who was an attorney prac-
ticing there. The summons was dated May 1, 1891, and the
mother of the defendant, with whom she was presumably
residing, being then only nine years old, accepted service the
next day; and this would seem to indicate she was at least
a resident of the State. Service by one other than an officer
is not confined to any particular county. The case on this
question falls within the principle of *Lyles* v. *Haskell,* 35 S.
C., 391, 14 S. E., 829. For these reasons the motion cannot
be sustained on these grounds.

The defendant next insists the judgment should be set
aside because a guardian *ad litem* was appointed by the clerk
at a time when the clerk had no authority to make such
appointment except in cases of partition. On this
point the case of *Robertson* v. *Blair,* 56 S. C., 96,
108, 34 S. E., 11, is conclusive against the defend-

ant's contention.   There no guardian *ad litem* was appointed—the plaintiff supposing the defendant to be an adult. The Court quotes with approval this language taken from *Syme* v. *Trice,* 1 S. E., 480 (N. C.) : "While the Court will always be careful of the rights of infants, it will not in all cases set aside irregular judgments against them as of course.   It will not do so where it appears from the record or otherwise, that the infant suffered no substantial injustice; especially it will not when the rights of third parties without notice have supervened."   Here, as we have seen, the Court had acquired jurisdiction of the infant.   It entered into an inquiry as to the value of the land, in order that the interests of the infant might not be sacrificed, and upon the evidence taken and the report of the referee to the effect that the land was worth less than the mortgage debt, adjudged that the title to the land should be made in satisfaction of the debt. For a mere irregularity in the appointment of the guardian *ad litem,* the Court will not in such a case set aside the decree, without proof that the infant defendant suffered substantial injustice, especially where, as in this case, the interests of subsequent purchasers have become involved.   In this case no attempt was made to show that the interests of the infant defendant were not completely safeguarded in the decree.

It is next insisted Judge Norton made the decree at chambers on July 15, 1891, when he had no jurisdiction.   There is in the record a written consent, "that the case be heard and determined out of the county of Hampton."   But this does not prove it was in fact heard out of that county, and the decree itself gives no indication that it was made at chambers.   It is true, the statute did not provide for a regular term of the Court of Common Pleas for Hampton at that time, but it cannot be presumed in the face of the apparent regularity of the record that there was not a special term of the Court then in progress.   But assuming that the order was granted at chambers, this was

not fatal.    Judge Norton had jurisdiction to hear the cause at chambers with the consent of the guardian *ad litem,* and the guardian *ad litem* whom the clerk attempted to appoint did consent.    There is a difference between an entire absence of consent and the consent of a guardian *ad litem* irregularly appointed, but appearing in the cause, with a recognition of his appointment by a judge who himself had power to appoint.    In such case the consent will not be treated as a nullity, having no effect in supporting the jurisdiction at chambers, but as an irregularity, sufficient to avoid the judgment upon a proper showing of prejudice to the infant, and of diligence in moving to set the judgment aside.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

MR. JUSTICE GARY *did not sit in this case on account of illness.*