## SMITH v. HUFFMAN.

(Filed May 12, 1903.)

1. JUDGMENTS—*Estoppel—Executors and Administrators—Judicial Sales —Debts of Decedents—Collateral Attack.*

   Where, in an action to sell land for assets, the administrator alleges that certain real property belonged to the deceased, and a party having a deed to the same, being a party to the action, fails to set up title thereto, he is estopped by the order of sale and de cree of confirmation.

2. JUDGMENTS—*Irregularity—Judicial Sales.*

   The recital in a decree of confirmation of a sale of land that the matter in controversy was heard before the date set for hearing by consent of parties is conclusive of that fact.

ACTION by John Smith and others against Amos Huffman and others, heard by Judge *M. H. Justice,* on Jan. 20, 1903, at Rutherfordton, N. C. From an order refusing an injunction, the plaintiff appealed.

*John T. Perkins,* for the plaintiffs.
*Avery & Ervin* and *A. C. Avery,* for the defendants.

CONNOR, J. In 1878 David Vanhorn and wife executed a deed for the land sued for in this action, to Nancy Smith, a married woman mother of the plaintiff. Vanhorn died intestate in 1884. In 1885 his administrator filed a petition before the Clerk of the Superior Court of Burke County against the heirs at law of David Vanhorn, (including Mrs.

Nancy Smith), to sell intestate's lands to pay debts. No answer was filed by Mrs. Smith. An order of sale was made and the two tracts in controversy were sold to William Van-horn. The proceeding was in all respects regular except that upon the coming in of the report of sale, notice was issued to the defendants in said proceeding to show cause at the court house in Morganton on the 23rd of December, 1885, why the sale should not be confirmed. Copies of this notice were served on Waits Smith and wife Nancy Smith, on December 5th, 1885. In response to said notice the said Waits and Nancy Smith on December 22, 1885, filed an answer in which they alleged that as to Lots 2 and 5, being the lots in controversy in this case, "David Vanhorn did not die seized of the said two tracts, but had sold the same to the *feme* respondents for valuable consideration by deed duly probated and delivered and now recorded, long before his death. That the *feme* respondent, by virtue of said deed is owner in fee of said two tracts of land." On December 24th an order was made in the cause reciting as follows: "This cause coming on to be heard this day, by consent, and it appearing that the administrators of David Vanhorn have sold the first, second, third, fourth and fifth tracts of land described in the petition in manner and form as follows, to-wit. . . . . And it further appearing that notice was issued to all of the defendants except Waits Smith and wife, Nancy Smith, to show cause on the 23d day of December, 1885, why said sale should not be confirmed, and notice having issued to Waits Smith and wife, Nancy Smith, to show cause on the 26th day of December, 1885, why said sales should not be confirmed, the said last named defendants having filed an answer to said notice and said sales, from the "report of administrators," and the answer of said defendants appearing to be reasonable, and no sufficient cause being shown why said sales should not be confirmed: It is now, on motion of I. T.

Avery, attorney for plaintiffs administrators, ordered, adjudged and decreed that said sales be in all respects confirmed." The order further directed the administrators to execute deeds to the purchasers.

This cause was heard before his Honor Judge Justice, upon a motion to restrain the defendants from cutting timber on the said tracts of land in controversy, on the 20th of January, 1903. His Honor made the following order: "I find from proofs by affidavit and deed offered by plaintiff, and the affidavits and copy of record and deeds offered on the part of the defendant, that the plaintiff has failed to show a *prima facie* title to the land in controversy, the plaintiffs being estopped by the record offered by defendant to claim title to said land against the defendants." His Honor proceeds to refuse the motion for an injunction and requires the defendants to execute a bond conditioned to pay plaintiffs such damages as they may recover in this action. The plaintiff appeals.

We are of the opinion that his Honor's ruling is correct. The petition alleges that David Vanhorn died seized of the land in controversy. Nancy Smith was a party to this petition and filed no answer. Judgment was thereupon rendered directing a sale of the land. This judgment was strictly in accordance with the allegations of the complaint and until vacated is conclusive upon the parties thereto of the facts alleged in the petition and found to be true. The court could not in this proceeding, inquire into or make any order affecting the integrity of the judgment. *Syme v. Trice,* 96 N. C., 243. There is certainly no irregularity in the record *anterior* to the final decree confirming the sale. It is true that the decree recites that the notice issued to Nancy Smith was returnable on the 26th day of December. Her answer is filed on the 22d and the order made on the 24th of December, 1885, confirming the sale, recites that it was "heard by con-

sent." This recital is conclusive on us that the time for hearing the motion for confirmation was consented to by all parties, and although it is adjudged that the answer of Nancy Smith is reasonable, it is expressly adjudged that "no sufficient cause being shown why said sale should not be confirmed," the order of confirmation is made. If it had been irregular to hear the order before the 26th of December, such irregularity could be cured by the consent of the parties, and the recital in the judgment that such consent had been given is conclusive in this action. *Chambers v. Penland,* 78 N. C., 53. It will be observed that the plaintiff declares upon a legal title, making no reference to the proceeding instituted by the administrator of David Vanhorn, for any irregularity or for infirmity in that record. If she desired to attack the record for fraud she could have specifically alleged such vitiating facts and asked to have the sale and proceeding set aside. This she has failed to do. If she complains of irregularities in the proceedings she can only take advantage thereof by a motion in the cause. These principles have been so thoroughly settled by numerous decisions of this court that it is not necessary to review the authorities. *Morris v. White,* 96 N. C., 91. We concur with his Honor that upon the record before us the plaintiff is estopped from asserting title to the land in controversy. "A purchaser at a judicial sale will be protected if the sale was authorized by a judgment of a court having jurisdiction of the subject matter and the person, although the judgment may be impeached for irregularity. *Dickens v. Long,* 112 N. C., 311.

The plaintiff suggests that there is nothing in the record to identify any of the land therein mentioned as the tracts sued for, or to have put Mrs. Smith on notice that her lands were sought to be sold in that proceeding. The complaint describes the land in controversy and the defendant expressly claims title to the same land in the proceedings referred to.

His Honor heard the case upon this assumption, that these were the lands in controversy and we see nothing to suggest the contrary.

Judgment Affirmed.