CARD v. FINCH.

(Filed September 25, 1906).

*Void Judgments—Purchaser at Judicial Sale—Recitals in Decree—Persons Not Parties or Privies—Doctrine of Representation — Laches — Ejectment — Betterments — Rents, How Applied.*

1. A judgment, rendered by a court against a citizen, affecting his vested rights in an action or proceeding to which he is not a party, is absolutely void and may be treated as a nullity whenever it is brought to the attention of the Court.

2. All that a purchaser at a judicial sale is required to know is that the Court had jurisdiction of the subject-matter and the person.

3. Where in a proceeding to sell land to make assets, the owners of the land, subject to dower, were not named in the petition or summons, a recital in the decree that "the defendants were duly served" had no possible reference to the owners, nor can they in any way be affected by such proceeding.

4. Persons who are not parties or privies, and do not, upon the record, appear to be affected, will not be heard upon a motion to vacate a judgment.

5. The doctrine of appearance by representation has never been applied to the divesting of a vested remainder, or in any case where those who would be entitled in remainder are *in esse* and may be brought before the Court in *propria persona*.

6. If a judgment is void, the parties are not called upon to ask favors of the Court. They declare upon their legal title, and no time, other than that prescribed by the statute of limitations, can bar them.

7. In an action of ejectment where the defendants purchased the land at a sale by the administrator as commissioner in a proceeding to make assets, to which the plaintiffs, who were the owners of the land, were not parties, the plaintiffs are entitled to recover the land, subject to the right of the defendants to have repaid the amount which they expended, for which the land was liable.

8. The judgment, directing that the annual instalments of rent be first applied to the payment of the permanent improvements and then to the interest on the debt and the taxes paid by the defendants and interest, and then in reduction of the principal, and that the balance due be declared to be a lien upon the land, was correct.

ACTION by A. H. Card and others against J. H. Finch and wife, heard by *Judge James L. Webb* and a jury, at the October Term, 1905, of the Superior Court of FRANKLIN.

This was an action of ejectment, brought by the plaintiffs, Georgiana Card and Gertie and Willie Duke, minors, represented by their next friend, against J. H. Finch and wife, for the possession of a tract of land in Franklin County, described in the pleadings and proof. Plaintiffs, who are the daughter and grandchildren, respectively, of one Peter F. Debnam, claim under the will of said Debnam, which will was duly probated and recorded on 10 October, 1870, the said Georgiana Card and Elizabeth Duke, mother of the minor plaintiffs, being the devisees in remainder under the said will. The defendants claim title under a sale of the lands of said Peter F. Debnam to make assets to pay his debts; deed by a commissioner of the Court under said proceedings and mesne conveyances; hence, both parties claim under a common source of title. It was admitted that said Peter F. Debnam died seized and possessed of the tract of land in question in 1870, devising the same to his wife, Mary A. Debnam, for life, with remainder to plaintiffs, and appointing said Mary A. Debnam executrix. It was also admitted that said Mary A. Debnam

renounced her right to qualify as executrix and dissented from the will and had her dower duly allotted to her in said lands, and that E. W. Timberlake was appointed administrator *c. t. a.* upon said estate, and qualified in due form in 1884.

In October, 1884, said E. W. Timberlake, administrator *c. t. a.* of said Peter F. Debnam, brought a special proceeding against the widow, Mary A. Debnam, and the heirs at law of said Peter F. Debnam, who were named in the petition and summons, said heirs at law being the children of a first marriage, while the plaintiffs were the children of a second marriage with said Mary A. Debnam. From the petition and summons in this special proceeding it appears that plaintiffs were not named in the petition or summons, and the record does not disclose that summons was ever served upon them, or any one representing them. Said Georgiana Card and Elizabeth Duke were then adults and married.

It appears in said special proceeding, from the decree of the Court ordering the sale, that "Service of process was duly made, and defendants having failed to appear, answer, or demur, etc.,     *    *    *    that the facts set out in the verified complaint    *    *    *    are true, to-wit: That Peter F. Debnam is dead, without leaving sufficient personal property to satisfy his debts and costs of administration, and that his outstanding debts are more than the value of his real estate, etc. It is ordered that E. W. Timberlake is hereby appointed a commissioner to sell the lands described in the complaint, subject to the dower of said Mary A. Debnam," etc. It also appears that the sale was made, regularly reported and confirmed, the Court finding that the land brought a fair and reasonable price. It further appears from the final account of the said administrator that the proceeds of said sale were applied to the payment of the debts and costs of administration of said estate, and were insufficient to discharge the same.

The cause came on for hearing before *Judge Webb*, who, upon the foregoing facts and records, instructed the jury to find for their verdict that plaintiffs were entitled to recover the land, "subject to defendants' equities to be hereafter adjusted." To this instruction defendants excepted. His Honor, upon the coming in of the verdict, rendered judgment declaring plaintiffs' right to recover the land and ordered a reference to T. W. Bickett, Esq., to ascertain the amount of the debts paid by the administrator, the taxes and value of the betterments, defendants having filed a petition to be allowed same. To this judgment defendants excepted.

Upon the coming in of the report of the referee no exceptions were filed, and it was duly confirmed, *Judge Jones* rendering judgment upon said report, directing that a sufficient number of the annually accruing instalments of rent, beginning 1 January, 1886, that being the time at which defendants had possession, be applied to the payment of the sum found to be due for permanent improvements before any application of rents be made to the debts, interest and taxes. That after paying from the instalments of rent first accruing the permanent improvements, the rents be applied annually as they accrue to the interest on the debt and the taxes paid by defendants and interest, and then in reduction of the principal. It was ascertained by a calculation, that the sum of $297.61 remained due, which was declared to be a lien upon the land, and directions were given by which its payment would be enforced. To the mode of applying the rents, defendants duly excepted, and from the final judgment appealed.

*F. S. Spruill* for the plaintiffs.
*W. H. Ruffin* for the defendants.

CONNOR, J., after stating the case: The question which lies at the threshold of this appeal is whether, as to the plain-

tiffs, the proceeding instituted by Judge Timberlake, administrator of P. F. Debnam, and the judgments and decrees rendered therein, are absolutely void and subject to collateral attack, or whether they are merely voidable, subject to attack only by a direct proceeding for that purpose. If the proceeding and judgment are void *quoad* the plaintiffs, many of the interesting questions raised by the defendants and argued in the brief do not arise, because it is elementary learning that no right or title can be acquired under or by virtue of a void proceeding or judgment. We have given the brief and argument of the learned counsel for defendants a careful examination and consideration. By reason of an accident for which he was in nowise responsible, we were not favored with an oral argument. The general principles underlying the case and upon which the rights of the parties depend are well settled and elementary. They are clearly and forcibly stated in the briefs. Whatever difficulty may be found in disposing of the appeal consists in the application of such principles and reviewing the authorities cited and relied upon by defendants' counsel. We think that upon such examination the difficulties suggested are more apparent than real.

It is an elementary proposition of public law that no man shall be deprived of his life, liberty or property except by the law of the land, or, as sometimes expressed, due process of law, which is defined to be the judgment of a court of competent jurisdiction after an opportunity to be heard is given the parties.

It is axiomatic, at least in American jurisprudence, that a judgment rendered by a court against a citizen affecting his vested rights in an action or proceeding to which he is not a party is absolutely void and may be treated as a nullity whenever it is brought to the attention of the Court. We think that no case can be found in the courts of this country, State or Federal, in which this principle is questioned. Certainly

in this jurisdiction it is fundamental. *Reade, J.*, in *Doyle v. Brown,* 72 N. C., 393, says: "When a defendant has never been served with process, nor appeared in person or by attorney, a judgment against him is not simply voidable, but void; and it may be so treated whenever and wherever offered, without any direct proceeding to vacate it. And the reason is that the want of service of process and the want of appearance is shown by the record itself, whenever it is offered." To the same effect is *Condry v. Cheshire,* 88 N. C., 375. *Smith, C. J.,* in *Lynn v. Lowe, ib.,* 478 (on page 482), says: "It is the clear right of every person to be heard before any action is invoked and had before a judicial tribunal, affecting his rights of person or property. If no opportunity has been offered, and such prejudicial action has been taken   *   *   * the Court will at once, when judicially informed of the error, correct it: not because injustice is done in the particular case, but because it may have been done, and the inflexible maxim, *audi alteram partem,* will be maintained. In such case the Court does not investigate the merits of the matter in dispute, but sets aside the judgment and reopens the otherwise concluded matter," etc. *Shepherd, J.,* in *Harrison v. Harrison,* 106 N. C., 282, says: "We cannot hesitate in affirming the judgment of his Honor declaring the proceedings void. However anxious the Court has been to uphold irregular decrees in favor of innocent purchasers, we can find no decisions which authorize judicial sanction to any proceeding in which there has been no service of process of any kind upon the parties interested. Such proceedings, under the Bill of Rights, as well as upon every conceivable principle of natural justice, must be declared utterly void and of no effect." Many other cases might be cited to the same effect, if necessary.

The learned counsel for defendants does not controvert this elementary principle. He calls to our attention several cases

142—10

in which it is held, as in the cases cited by us, that if there be a recital in the record or a return on the summons showing service, the proceeding is not void, but only voidable. It is also true that in several cases the courts use the expression that a purchaser at a judicial sale is not called upon to do more than see that the decree authorizes the sale. It must be conceded that expressions may be found which, unless the facts in the case are examined, are calculated to mislead. It will be found, upon a careful reading of the cases, that the underlying principle is, as stated by *Mr. Justice Avery* in *Dickens v. Long,* 112 N. C., 311: "All that the purchaser in such case is required to know is that the Court had jurisdiction of the subject-matter and the person."

We have carefully examined the cases cited by defendants' counsel, and find that they uniformly so state the law. In *Herbin v. Wagoner,* 118 N. C., 656, it is said: "The question is now presented whether the plaintiffs, who were parties to the action in which the mistake occurred, or the defendant, who was not a party for value and without notice, shall bear the loss," etc. In *Barcello v. Hapgood,* 118 N. C., 712, it is said: "The sale was not only made under an order of a court having general jurisdiction both of the parties and the subject-matter," etc. This language is cited and approved in *Smith v. Huffman,* 132 N. C., 600; *England v. Garner,* 90 N. C., 197; *Carraway v. Lassiter,* 139 N. C., 145. In all of these and many other cases, in which the Court discusses the effect of irregularities, the principle is recognized that the Court must have jurisdiction of the person and the subject-matter, or the judgment will be void.

The defendant cites a line of cases in which it is held that if the decrees, etc., recite that the parties are before the Court, such recitals will support the judgment and protect it against collateral attack. Such was the case of *Harrison v. Harrison, supra.* In this appeal the names of the defendants

in the proceeding to sell the land appear and are described as the widow and heirs at law of the decedent. The summons also contains the names of the heirs at law who are made parties defendant. The recitals, therefore, in the order of sale and other decrees, that service of process was duly made "on the defendants," are correct and speak the truth.

This case is distinguished from *Harrison v. Harrison, supra,* in which the names of the proper parties appeared in the summons and the decree recited that *they* had been duly served; whereas in *Timberlake, admr., v. Debnam* the plaintiffs herein, who were the owners of the land, subject to the dower, were not named in the petition or summons. The recital that the "defendants were duly served," therefore, had no possible reference to these plaintiffs. We are unable to perceive how, by any possible construction, they can be affected by such or any other recitals in a proceeding with which they had not the most remote connection. The administrator simply made the wrong persons parties to the proceeding. In a proceeding against the persons named in the petition, who, with the exception of the widow, had no possible interest in the land, he sold the plaintiffs' property.

The proposition, simplified and stripped of all extraneous matter, comes to this: In a proceeding against A, a judgment is rendered directing the sale of B's property. The administrator simply thought that the land belonged to his testator's heirs at law, whereas it belonged to his devisees; and the purchaser made the same mistake. It is not easy to perceive how the devisees can be affected by this mistake, however honestly made. The defendants say, however this may be, the sale was rightful. That the devisor owed the debts and his land was liable for their payment. That the land brought a fair price and the proceeds have been properly applied, hence the right result has been reached by a wrong route. The answer to this suggestion is found in the language of this Court in *Lynn v. Lowe, supra.*

There are a class of cases to be found in our reports in which infants were brought into Court through guardians and guardians *ad litem,* wherein judgments have been sustained. They rest upon entirely different principles, and are not applicable here. *Mathews v. Joyce,* 85 N. C., 258; *Sutton v. Schonwald,* 86 N. C., 198; *England v. Garner,* 90 N. C., 197. These cases are all based upon the fact that the infants were parties, or that they were represented by guardians. Defendants cite *Perry v. Adams,* 98 N. C., 167. The case is, so far as the principles involved are concerned, strikingly similar to this. The course pursued by his Honor in disposing of this controversy is fully sustained by the decision rendered in *Perry v. Adams.* The plaintiffs recover the land subject to the right of the purchaser to have repaid the amount which he had expended, for which the land was liable. The doctrine and the reason upon which it is based are well stated by *Mr. Justice Merrimon* in that case. We could add nothing of value to what is there said. In *Stancill v. Gay,* 92 N. C., 461, the judgment was irregular, and not void. There it was said that unless it appeared that the party moving to set it aside was prejudiced by the irregularity, the Court would not interfere. This principle can never be invoked in dealing with a *void* judgment. In *Everett v. Newton,* 118 N. C., 919, the recitals were held to bind *the parties to the action.* It is elementary that only parties and privies are affected by recitals in deeds or records. *Highsmith v. Whitehurst,* 120 N. C., 123, did not involve the principles applicable to this case.

To the suggestion that the plaintiffs' remedy was a motion to vacate the judgment, the reply is, that, as said by *Reade, J.,* in *Doyle v. Brown, supra,* the record shows upon its face that the owners of the land were not parties. The judgment cannot be set aside by the parties to the record. It is, as to them, regular and correct. Persons who are not parties or privies and do not, upon the record, appear to be affected, will not be

heard upon a motion to vacate a judgment. They have no status in Court. No wrong has been done them *by the Court*.

In *Morris v. House,* 125 N. C., 550, the records as construed by the Court showed that the heirs were parties. *Douglas, J.,* filed a very strong dissenting opinion, which was concurred in by *Mr. Justice Montgomery*. The decision does not militate against the general principles by which this Court has been governed. In *Harris v. Brown,* 123 N. C., 419, the proceeding was *ex-parte;* the parties were before the Court.

We have examined every case cited by defendants and find no conflict with the conclusion reached by us. The defendants suggest that the widow, life-tenant, being a party, those in succession are bound by the judgment, upon the doctrine of representation. It is true that the courts have uniformly held that where there are contingent limitations, or bare possibilities, and all of the persons who may, upon possible contingencies, become entitled, are not *in esse,* they may be bound by decrees made when the owners of the land are parties. This doctrine has well-defined limitations which exclude its application to the plaintiffs. It originated in necessity—to prevent titles being encumbered for unreasonable periods and the sacrifice of the interests of one or more generations. It is also sustained upon the ground that a bare possibility is not a vested right. It has never been applied to the divesting of a vested remainder, or in any case where those who would be entitled in remainder are *in esse* and may be brought before the Court in *propria persona*. In such cases there is no necessity for resorting to the doctrine of representation. *Cessante ratione legis cessat et ipsa lex.* The doctrine of appearance by representation is discussed in *Springs v. Scott,* 132 N. C., 548.

Again, the widow having dissented from the will, did not own as a devise any life-estate or any other estate which was affected by the sale. Her dower was not involved.

We do not perceive how, in any aspect of the case, the plaintiffs are affected by the proceeding for the sale of the land. It is said that they are guilty of laches in waiting so long before seeking to recover the land, and should for that reason be denied relief. It will be observed, by an examination of the cases cited, that it is only when upon the face of the record the parties appear to be in court, or when the prayer for relief is founded upon some irregularity in the proceedings, or the equitable power of the Court is invoked, that the Court has refused to interfere by reason of long unreasonable delay. *Harrison v. Hargrove,* 109 N. C., 346, and 120 N. C., 96.

If the judgment, as in this case, is void, the parties are not called upon to ask favors of the Court. They declare upon their legal title, and no time, other than that prescribed by the statute of limitations, can bar them.

We have considered the case from every point of view presented by the learned counsel for defendants. There is no escape from the fatal fact that the plaintiffs had in the special proceeding no day in Court, and that nothing done in the case can affect their rights. Such equities as attached to the legal title, by reason of the sale and the disposition of the proceeds, the melioration by defendants and payment of taxes, have been carefully guarded and adjusted by an intelligent referee.

We have examined the contention in regard to the method of applying the rents and see no valid objection thereto. It is proper to treat the annual profits as payments, and it is the well-settled rule to apply payments first to the discharge of interest and then to the extinguishment of the principal. The rents do not bear interest, but are used to discharge interest.

Upon an examination of the entire record, we find

No Error.