FLORIDA NATIONAL BANK, F/K/A ROYAL TRUST BANK, N.A. v. G. HOWARD SATTERFIELD, JR.

No. 873SC1049

(Filed 3 May 1988)

**1. Judgments § 27.1— action to enforce foreign judgment—intrinsic fraud not a defense**

    Whether plaintiff's commercial loan officer made misrepresentations to defendant which were imputable to plaintiff and whether defendant's attorney in Florida litigation had conflicts of interest and inadequately represented defendant were claims of intrinsic fraud, which should have been raised in the

Florida courts, rather than claims of extrinsic fraud, which would be a defense to plaintiff's action to recover on the Florida judgment.

2. **Rules of Civil Procedure §§ 15, 56— motion to amend and motion for summary judgment granted at same time—no error**

There was no merit to defendant's contention that the trial court erred in granting his motion to amend while at the same time granting plaintiff's motion for summary judgment, since defendant's motion to amend did not create any new issues; plaintiff did not move for summary judgment until almost 14 months after the complaint was filed, and the court did not rule on the motion until two months after it was made; there were no discovery proceedings outstanding; defendant did in fact make investigation in Florida; and defendant at no time requested a continuance to permit additional discovery pursuant to N.C.G.S. § 1A-1, Rule 56(f).

APPEAL by defendant from *Phillips, Judge.* Order entered 30 July 1987 in Superior Court, PITT County. Heard in the Court of Appeals 10 March 1988.

Plaintiff filed this action on 18 March 1986 seeking to enforce a judgment of the Circuit Court of Florida for Palm Beach County. That judgment was based on a 3 August 1983 guaranty agreement between plaintiff and defendant. The agreement provided that plaintiff would loan $35,000 to Leisure Development, Inc. of Greenville, of which defendant was a major shareholder, if defendant and the corporation's only other shareholder would guarantee repayment of the loan. The loan apparently fell into default and, in May 1984, plaintiff sued the corporation, as maker, and defendant, as guarantor. On 9 October 1985, the Florida court entered a final judgment against both defendants. Within two weeks, the corporation was placed into bankruptcy.

Plaintiff's complaint in this action included a copy of the Florida judgment and alleged that the judgment was entitled to full faith and credit in North Carolina. Defendant answered, denying that the judgment was entitled to full faith and credit, and alleged that it was rendered without the State of Florida having personal jurisdiction over him. Subsequently, plaintiff was allowed to amend his complaint to include a claim for an additional award obtained in Florida for costs and attorneys fees, bringing the total amount sought from defendant to over $70,000.

On 4 May 1987, plaintiff moved for summary judgment. In opposition, defendant submitted his own affidavit and the affidavit of Stephen L. Beaman, the Trustee in Bankruptcy for Leisure De-

velopment, Inc. of Greenville. Defendant also moved to amend his answer to plead, as an affirmative defense, the existence of "extrinsic fraud." By order entered 30 July 1987, the trial court granted defendant's motion to amend "to the extent that the answer is deemed amended to conform" to defendant's affidavits, and granted plaintiff's motion for summary judgment. Defendant appeals.

*Smith, Debnam, Hibbert & Pahl, by Cindy G. Oliver and Bettie K. Sousa, for the plaintiff-appellee.*

*Connor, Bunn, Rogerson & Woodard, by David M. Connor and I. Joe Ivey, for the defendant-appellant.*

EAGLES, Judge.

[1]  The Full Faith and Credit Clause of the United States Constitution requires North Carolina to enforce a judgment rendered in another state, if the judgment is valid under the laws of that state. *Boyles v. Boyles*, 308 N.C. 488, 302 S.E. 2d 790 (1983); U.S. Const. Art. IV, section 1. A foreign judgment may be collaterally attacked only on the grounds that it was obtained without jurisdiction; that fraud was involved in the judgment's procurement; or that its enforcement would be against public policy. *Fungaroli v. Fungaroli*, 53 N.C. App. 270, 280 S.E. 2d 787 (1981). Defendant's attack on the validity of the Florida judgment is based solely on the grounds of fraud. He contends that the materials before the trial court show that there is a genuine issue of material fact regarding whether the judgment was procured by fraud. We disagree.

Although extrinsic fraud is a defense to an action to recover on a foreign judgment, intrinsic fraud is not. *Courtney v. Courtney*, 40 N.C. App. 291, 253 S.E. 2d 2 (1979). "Extrinsic fraud" is fraud which occurs in the procurement of the judgment; intrinsic fraud arises in the proceeding itself and concerns some matter necessarily under the consideration of the foreign court in deciding the merits. *Scott v. Cooperative Exchange*, 274 N.C. 179, 161 S.E. 2d 473 (1968); *J.I.C. Electric, Inc. v. Murphy*, 81 N.C. App. 658, 344 S.E. 2d 835 (1986); *Truitt v. Truitt* (Fla. 5th Dist. Ct. App.), 383 So. 2d 276 (1980). Where a party has had proper notice of the foreign action and the alleged fraud did not prevent his full

participation in the action, any fraud is intrinsic. *Stokley v. Stokley*, 30 N.C. App. 351, 227 S.E. 2d 131 (1976).

The only questions of fact which defendant's affidavits arguably raise concern intrinsic fraud. Those affidavits tend to show that the other shareholder of Leisure Development, Inc. of Greenville, Mr. James D. Carter, obtained the loan from plaintiff through Mr. Joseph Cimilluca, one of plaintiff's commercial loan officers. The affidavits also claim that Cimilluca did not disburse the loan's proceeds to the corporation's account, and, instead, deposited the money in the account of a Colorado corporation named Leisure Development, Inc. When defendant received notice of the action in Florida, he contacted Carter, who told him that the loan had been paid and that he (Carter) had hired an attorney, Timothy H. Kenney, to represent the corporation and defendant. The affidavits also show that a transfer of over $17,000 was made from the corporation's account in another bank to a trust account belonging to Mr. Kenney. A disbursement of the same amount from that account was made to the law firm representing plaintiff in the Florida action, apparently in partial settlement of certain other claims of plaintiff against Carter. Carter had several other outstanding loans with plaintiff in his individual name.

Defendant contends that the materials submitted to the trial court create a genuine issue of material fact regarding whether Cimilluca, acting as an agent for plaintiff, fraudulently procured the guaranty of the loan and otherwise acted to defraud defendant. Defendant argues that Kenney was also representing Carter's interests in the Florida action and that Kenney had a conflict of interest which deprived defendant of a full opportunity to present the merits of his case. Even assuming, however, that the record establishes an issue of fact regarding those contentions, none of them involve extrinsic fraud.

Whether Cimilluca made misrepresentations to defendant, which are imputable to plaintiff, is a question which defendant was required to have raised in the Florida courts. Similarly, questions regarding Kenney's alleged conflicts of interest and the adequacy of his representation may not be used now to collaterally attack the judgment. Allegations that the defendant's attorney in the foreign state had a conflict of interest and failed to protect his interests are claims of intrinsic fraud and must be directly at-

tacked in that state. *See J.I.C. Electric, Inc. v. Murphy, supra;* G.S. 1A-1, Rule 60(b)(3); Fla. Stat. Ann., R.C.P. Rule 1.540(b)(3) (West 1985). Plaintiff presented our trial court with a copy of a final judgment issued in the State of Florida. Defendant failed to present a forecast of evidence establishing a genuine issue of material fact regarding the judgment's validity. Accordingly, the trial court properly granted plaintiff's motion for summary judgment.

[2]   Defendant's last arguments relate to the trial court's granting his motion to amend while, at the same time, granting plaintiff's motion for summary judgment. Defendant contends that granting his motion to amend created a new issue by raising an affirmative defense of extrinsic fraud. He argues that the trial court should have denied the motion for summary judgment or ordered a continuance to allow him time to investigate facts surrounding the disposition of the case in Florida. We disagree.

As noted, the affidavits submitted by defendant contained no factual allegations related to extrinsic fraud. When the trial court granted defendant's motion to amend, however, it did so only "to the extent that the answer is deemed amended to conform" to those affidavits. The trial court's granting defendant's motion to amend did not, therefore, inject a new issue for which additional discovery might have been appropriate.

Defendant also cites Rule 56(f) of the North Carolina Rules of Civil Procedure in arguing the trial court should have deferred ruling on plaintiff's motion for summary judgment. Rule 56(f) allows the trial court to deny a motion for summary judgment or order a continuance to permit additional discovery, if the party opposing the motion cannot present facts essential to justify his opposition. G.S. 1A-1, Rule 56(f). Although the Rule should be liberally applied to allow sufficient time to complete discovery, *see Ipock v. Gilmore,* 73 N.C. App. 182, 326 S.E. 2d 271, *disc. rev. denied,* 314 N.C. 116, 332 S.E. 2d 481 (1985), the decision to grant a continuance rests in the trial court's discretion. *Glynn v. Stoneville Furniture Co., Inc.,* 85 N.C. App. 166, 354 S.E. 2d 552, *disc. rev. denied,* 320 N.C. 512, 358 S.E. 2d 518 (1987). We find no abuse of discretion.

Plaintiff did not move for summary judgment until almost 14 months after the complaint was filed, and the trial court did not

rule on the motion until two months after it was made. Nothing in the record indicates there were any discovery proceedings outstanding. In addition, the record contains the affidavit of Mr. Beaman, in which he states that he went to Florida in late February and early March of 1987 and interviewed the attorney who represented defendant, the attorney who represented plaintiff and several of plaintiff's employees, among others. That affidavit belies defendant's claim that he did not have sufficient time to investigate the case. Moreover, the record here shows no request for the court to invoke Rule 56(f). Further, there is no affidavit from defendant, as Rule 56(f) requires, setting out the facts or reasons why he could not justify his opposition to the motion for summary judgment. *See Glynn v. Stoneville Furniture Co., Inc., supra.* Even if defendant had properly moved for relief under Rule 56(f), on this record the trial court, in the exercise of its discretion, would have been justified in concluding that defendant had had ample opportunity to conduct discovery and that further delay in the disposition of plaintiff's motion was unwarranted.

Affirmed.

Judges COZORT and SMITH concur.