THEO BROWN, PLAINTIFF v. HOWARD T. GREENE AND WIFE, THELMA BRAD-
SHAW GREENE, DEFENDANTS

No. 8925SC583

(Filed 1 May 1990)

**Rules of Civil Procedure § 56.1 (NCI3d) — summary judgment
motion — plaintiff given insufficient time to prepare response**

Where defendant filed his motion for summary judgment
two days after he filed his answer, the trial court erred in
granting defendant's motion for summary judgment two weeks
later despite plaintiff's request for a continuance in order to
conduct discovery, since adequate opportunity for discovery
was thwarted by the entry of the judgment.

**Am Jur 2d, Summary Judgment §§ 20, 21.**

APPEAL by plaintiff from judgment entered 27 March 1989
by *Judge Marvin K. Gray* in CALDWELL County Superior Court.
Heard in the Court of Appeals 22 December 1989.

*Ted S. Douglas for plaintiff-appellant.*

*Patton, Starnes, Thompson, Aycock & Teele, P.A., by Robert
L. Thompson, for defendant-appellees.*

ORR, Judge.

On 20 January 1989, plaintiff filed this civil action against
defendants seeking money damages for injuries which resulted when
she was struck by an automobile driven by defendant Thelma Brad-
shaw Greene. Plaintiff alleges that defendant failed to keep a prop-
er lookout within the area, and failed to maintain proper control
of the vehicle. Plaintiff further alleges that defendant negligently
allowed the vehicle to leave the public vehicular way and strike her.

The complaint also alleges that the automobile which struck
her was owned by Thelma Greene and her husband and maintained
for the general use of their family, and thus she is entitled to
recover from both defendants for their joint and several liability.
Additionally, the complaint alleges that Thelma Greene was on
an errand for her husband at the time of the accident; therefore,
liability may be imposed jointly and severally on that basis as well.

On 13 February 1989, defendant Howard T. Greene filed a motion to dismiss under N.C. Gen. Stat. § 1A-1, Rule 12(b)(6). Attached to that motion was an affidavit from his wife, along with a copy of the sales contract on her automobile and a copy of her vehicle registration card. Plaintiff filed a reply to defendant's motion. After defendant Thelma Greene filed an answer to plaintiff's complaint, the court heard defendant Howard Greene's motion to dismiss. At that time, the court deferred judgment on it and subsequently converted the motion into one for summary judgment.

Thereafter, defendant Howard Greene filed an answer on 14 March 1989. He then filed a motion for summary judgment on 16 March 1989. This motion also had an affidavit by defendant's wife and her vehicle registration card attached to it. Plaintiff likewise filed a reply to defendant Howard Greene's motion for summary judgment. In her reply, plaintiff stated that adequate discovery had not been conducted. Plaintiff moved the court for a continuance and at least 120 days to complete discovery.

On 27 March 1989, the court heard defendant's motion for summary judgment and granted the same and denied plaintiff's motion to continue. From that order, plaintiff now appeals.

The single issue which plaintiff has raised is whether the trial court erred in granting defendant Howard Greene's motion for summary judgment.

Plaintiff argues that the pleadings and the evidence raise a genuine question of material fact regarding whether Thelma Greene was operating an automobile for her and her husband's mutual benefit when she struck plaintiff while allegedly on an errand for her husband. Therefore, summary judgment should not have been entered. Furthermore, because summary judgment was entered before she had an opportunity to conduct discovery, plaintiff argues that judgment was, at the very least, entered prematurely.

Defendant Howard Greene makes several arguments. First, he contends that the answers that he and his wife filed, his wife's affidavit, and the automobile registration card are sufficient proof that he is not the owner of the vehicle which struck plaintiff. Therefore, plaintiff's theory based upon co-ownership of the automobile was properly dismissed. Second, he contends that this same evidence, and the absence of an allegation that he was operating the vehicle when it struck plaintiff, is sufficient evidence to negate

plaintiff's claim under the family purpose doctrine. Defendant argues that under that doctrine only the owner of the vehicle or the person with ultimate possession and control of the vehicle can be held liable for its negligent operation by another person.

Defendant next contends that plaintiff's pleadings and evidence did not support a claim under a joint benefit theory; therefore, that claim was properly dismissed. Finally, defendant contends that the mailbox to which defendant Thelma Greene had gone existed solely for her benefit and he received no mail at that address. Consequently, his wife could not have been at the post office picking up mail at his direction.

The often stated rule with regard to summary judgment is that when the pleadings, interrogatory answers, affidavits or other materials do not contain a genuine question of material fact for the court, and at least one party is entitled to a favorable judgment, the summary judgment motion should be granted. *Warren v. Rosso and Mastracco, Inc.*, 78 N.C. App. 163, 336 S.E.2d 699 (1985). N.C. Gen. Stat. § 1A-1, Rule 56(c) (1983).

Here, no interrogatories or other discovery materials were ever served; therefore, none were introduced in support of or in opposition to this motion. Defendant Howard Greene filed his answer on 14 March 1989. Two days later, he filed a motion for summary judgment. That motion was heard and granted by the court less than two full weeks later despite plaintiff's request for a continuance and at least 120 days in order to conduct discovery.

The general purpose of discovery is to assist in the disclosure, prior to trial, of any unprivileged information or materials which are relevant to the lawsuit. *Willoughby v. Wilkins*, 65 N.C. App. 626, 310 S.E.2d 90 (1983), *disc. review denied*, 310 N.C. 631, 315 S.E.2d 698 (1984). Such exchanges are to help the parties narrow and sharpen the basic issues and facts prior to trial. On the other hand, summary judgment is designed to eliminate formal trials where only questions of law are involved, as the facts have not been disputed. *Highlands Township Taxpayers Assoc. v. Highlands Township Taxpayers Assoc., Inc.*, 62 N.C. App. 537, 303 S.E.2d 234 (1983). However, this is a drastic remedy which should be used cautiously, and never as a tool to deprive any party of a trial for genuinely disputed issues. *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E.2d 823 (1971).

BROWN v. GREENE

[98 N.C. App. 377 (1990)]

In the case of *Florida National Bank v. Satterfield*, 90 N.C. App. 105, 367 S.E.2d 359 (1988), the appellant argued that after the trial court allowed him to amend his answer, the court should not have granted the appellee's motion for summary judgment. Rather, the court should have either denied the motion for summary judgment or it should have ordered a continuance to allow him time to investigate the facts. *Id.* at 109, 367 S.E.2d at 361.

There we stated that:

Rule 56(f) allows the trial court to deny a motion for summary judgment or order a continuance to permit additional discovery, if the party opposing the motion cannot present facts essential to justify his opposition . . . . Although the Rule should be liberally applied to allow sufficient time to complete discovery, . . . the decision to grant a continuance rests in the trial court's discretion.

*Id.* (citations omitted).

In that case we concluded that the trial court had not abused its discretion in failing to order a continuance or granting appellee's motion for summary judgment because appellee had waited almost 14 months after the complaint was filed before filing the summary judgment motion and the trial court had waited nearly two months before ruling on that motion. *Id.* We noted that defendant had no outstanding discovery proceedings which had not been concluded. *Id.* at 110, 367 S.E.2d at 361. The court found that the appellant had ample time to conduct discovery.

In the case *sub judice*, adequate opportunity for discovery was thwarted by the entry of judgment and the trial court's refusal to allow plaintiff's motion for a continuance and time to conduct discovery. Defendant Howard Greene filed his motion for summary judgment immediately after he filed his answer and judgment was entered less than two weeks after the filing of that answer. Considering the theories under which plaintiff was proceeding, we hold that the trial court abused its discretion in granting defendant's motion for summary judgment without giving plaintiff ample time to conduct discovery and present facts essential to justify her opposition to that motion. *Florida National Bank* at 109, 367 S.E.2d at 361.

Accordingly, we reverse the trial court's entry of summary judgment and remand this matter for further proceedings consistent with our decision herein.

Reversed and remanded.

Judges PHILLIPS and EAGLES concur.