GATSY N. SMITH v. DURWOOD EUGENE SMITH AND WIFE, MRS. DURWOOD EUGENE SMITH, AND MICHAEL A. ELLIS, ADMINISTRATOR OF THE ESTATE OF WAYNE SMITH, DECEASED, JOHN E. DUKE, GUARDIAN AD LITEM FOR CORNELIUS WAYNE SMITH, AND KEVIN F. MacQUEEN, GUARDIAN AD LITEM FOR LITTLE RED SMITH (NOW CHADWICK BRIAN SMITH)

No. 372PA92

(Filed 2 July 1993)

1. **Judgments § 243 (NCI4th) — res judicata — persons in privity with parties**

   The married defendants are in privity with a party to a prior action where, pursuant to a consent judgment in the prior action and an ensuing deed, they obtained title to the subject property from plaintiff subsequent to the prior action. The minor defendant is in privity because he is an heir of a party to the original action.

   **Am Jur 2d, Judgments §§ 567 et seq.**

2. **Judgments § 303 (NCI4th) — res judicata — property disposed of by court order — trust or equitable lien prohibited**

   Under *res judicata*, no trust or equitable lien can be impressed upon property disposed of by an order of the court. Before any kind of trust or equitable lien could be impressed upon property conveyed pursuant to a consent judgment, the consent judgment would have to be directly attacked by a motion in the cause.

   **Am Jur 2d, Judgments § 428.**

3. **Judgments § 363 (NCI4th) — equitable distribution consent judgment — conveyance of property — claims for trust and equitable lien — improper collateral attack**

   Plaintiff could not collaterally attack an existing equitable distribution consent judgment in a former action by seeking to engraft a constructive trust or an equitable lien on property conveyed to defendant husband's brother pursuant to the judgment on the ground of intrinsic fraud by defendant husband in failing to abide by the judgment. Nor could the minor defendant collaterally attack the consent judgment by seeking to engraft an express trust on such property. The sole remedy for plaintiff and the minor defendant was to modify or set

SMITH v. SMITH

[334 N.C. 81 (1993)]

aside the consent judgment through a Rule 60 motion in the cause.

**Am Jur 2d, Judgments §§ 630 et seq.**

Chief Justice EXUM dissenting.

Justices FRYE and PARKER join in this dissenting opinion.

On discretionary review pursuant to N.C.G.S. § 7A-31 of an unpublished decision of the Court of Appeals, which affirmed in part and vacated and remanded in part the judgment entered for defendants by Jones (Arnold O.), J., at the 4 March 1991 Civil Session of District Court, Wayne County. Heard in the Supreme Court 15 March 1993.

*Law Offices of Roland C. Braswell, by Roland C. Braswell, for plaintiff-appellee.*

*Paul B. Edmundson, Jr.; and Dees, Smith, Powell, Jarrett, Dees & Jones, by Tommy W. Jarrett, for defendant-appellants Mr. and Mrs. Durwood Smith.*

*Bruce and Bryant, P.A., by R. Michael Bruce, for defendant-appellee John E. Duke, Guardian ad Litem for Cornelius Wayne Smith.*

MEYER, Justice.

The issue that we must resolve in this case is whether an existing equitable distribution judgment in a former action may be collaterally attacked. We conclude that the Court of Appeals erred in allowing a collateral attack upon a judgment in a prior action, which ordered an equitable distribution, and hold that the judgment must be directly attacked by a motion in the prior case to modify or set aside the judgment.

An examination of the pleadings and affidavits filed in support of the motion for summary judgment reveals the following: On 18 February 1983, Wayne Smith brought an action for absolute divorce in District Court, Wayne County, against Gatsy N. Smith. Gatsy Smith answered and counterclaimed for alimony and equitable distribution of property. On 4 May 1984, the court granted Wayne Smith an absolute divorce. On that same day and in that same action, a consent judgment was entered. The consent judgment required, *inter alia*, that simultaneously with the execution of the

judgment, plaintiff and defendant both were to pay 50% of the federal and state taxes totalling in excess of $12,000, and that Wayne Smith was to pay Gatsy Smith $500.00 to cover 50% of the payment that she had made to a surveyor, Bobby Rex Kornegay, to keep a judgment from being entered against them. The consent judgment further provided:

That the parties own 37.7/16 [sic] acres of land and it is agreed that the plaintiff and defendant will deed to Durwood Eugene Smith [the brother of Wayne Smith] a 7/12 interest and to the defendant a 5/12 interest in said land.

Furthermore, the consent judgment provided that each of the parties was declared to be the owner of the property allotted to him or her, "free and clear of any claim from the other party." The consent judgment concluded "[t]hat this property settlement is in full and complete settlement of any and all rights that the parties might have arising out of the marriage between them or the equitable distribution laws of this State or otherwise." The judgment was consented to by all of the parties and signed by the trial judge.

Pursuant to the consent judgment, Gatsy Smith conveyed a 7/12 undivided interest in the property to Durwood E. Smith by deed dated 7 May 1984 and executed and recorded on 8 May 1984. Because the plaintiff in that action, Wayne Smith, had previously deeded his interest in the above property to Gatsy Smith on 5 June 1974, he did not sign the deed with Gatsy Smith to Durwood E. Smith.

In March 1985, almost a year after the consent judgment was entered in the prior divorce action, Gatsy Smith filed this action against Wayne Smith and Mr. and Mrs. Durwood Smith. Gatsy Smith claimed that Wayne Smith had never paid his part of the taxes or reimbursed her for the survey expense and had not intended to do so when the consent judgment was entered into. She further contended that Wayne Smith committed a fraud on the court in that Durwood Smith was never intended to be the beneficial owner of the 7/12 interest in the property and that Durwood Smith was holding the 7/12 interest in the property in trust for Wayne Smith. Gatsy Smith claimed that she had been defrauded by Wayne Smith and that he had never intended to carry through with anything he had agreed to in the consent judgment. Gatsy Smith prayed that Durwood Smith and his wife be declared to hold title to the subject property in trust for the use and benefit of Wayne Smith and, further, that an equitable lien be declared against the subject

SMITH v. SMITH

[334 N.C. 81 (1993)]

property in the amount of $13,805.96. In the interim, Wayne Smith died and Michael A. Ellis was appointed the administrator of his estate.

In 1989, the trial court allowed Gatsy Smith's motion to add Wayne Smith's two legitimated minor children, Cornelius Smith and Chadwick Brian Smith, as defendants. The children, each represented by a guardian ad litem, filed crossclaims contending that the property in question was owned by Durwood Smith but was subject to an express trust in favor of Cornelius Wayne Smith. Mr. and Mrs. Durwood Smith answered the complaint and crossclaims by denying the minor children's claims and asserting that Durwood Smith was the owner of the property free and clear of any express trust or equitable lien.

Mr. and Mrs. Durwood Smith subsequently filed a motion for summary judgment. At the hearing, Mr. and Mrs. Durwood Smith contended that all of the parties in this action were the same parties or were in privity with the parties in the prior action. Thus, defendants argued, all the parties were bound by the prior action and could not collaterally attack the equitable distribution judgment. After a hearing on the motion, the trial court allowed Mr. and Mrs. Durwood Smith's motion for summary judgment and dismissed the complaint and both crossclaims.

Gatsy Smith and the two minor children appealed to the Court of Appeals, which, in an unpublished opinion pursuant to Rule 30(e), upheld the dismissal of the claim of Chadwick Brian Smith, but vacated and remanded the action to the trial court as to defendant Cornelius Smith and plaintiff Gatsy Smith. This Court granted Mr. and Mrs. Durwood Smith's petition for discretionary review on 17 December 1992. We find no error by the trial court and thus reverse the Court of Appeals' holding in regard to defendant Cornelius Wayne Smith and plaintiff Gatsy Smith.

Defendants Mr. and Mrs. Durwood Smith contend that Gatsy Smith and Cornelius Smith are barred by the doctrine of *res judicata* from bringing an action collaterally attacking the equitable distribution judgment. We agree.

North Carolina follows the general rule " 'that a final judgment, rendered on the merits, by a court of competent jurisdiction, is conclusive of rights, questions and facts in issue, as to the parties and privies, in all other actions involving the same matter.' " *Masters*

*v. Dunstan*, 256 N.C. 520, 523, 124 S.E.2d 574, 576 (1962) (quoting *Bryant v. Shields*, 220 N.C. 628, 634, 18 S.E.2d 157, 161 (1942)). In order for a person to be privy to an action, he must have acquired an interest in the subject matter of the action either by succession, inheritance, or purchase from a party subsequent to the action. *Id.* at 525, 124 S.E.2d at 577-78.

[1] In the case *sub judice*, defendants Mr. and Mrs. Durwood Smith are in privity because, pursuant to the consent judgment of 4 May 1984 and the ensuing deed, they obtained title to the subject property from plaintiff Gatsy Smith subsequent to the earlier action. In addition, defendant Cornelius Smith is in privity because he is an heir of Wayne Smith, a party to the original action.

[2] Under *res judicata*, no trust or equitable lien can be impressed upon property disposed of by an order of the court. In *Walters v. Walters*, 307 N.C. 381, 298 S.E.2d 338 (1983), this Court established the rule that:

> whenever the parties bring their separation agreements before the court for the court's approval, it will no longer be treated as a contract between the parties. All separation agreements approved by the court as judgments of the court will be treated similarly, to-wit, as court ordered judgments. These court ordered separation agreements, as consent judgments, are modifiable, and enforceable by the contempt powers of the court, in the same manner as any other judgment in a domestic relations case.

*Id.* at 386, 298 S.E.2d at 342. Before any kind of trust or equitable lien could be impressed upon the property in question, the consent judgment would have to be directly attacked by a motion in the cause. This Court has stated the law as follows:

> A judgment regular upon the face of the record, though irregular in fact, requires evidence *aliunde* for impeachment. Such a judgment is voidable and not void, and may be opened or vacated after the end of the term only by due proceedings instituted by a proper person. The procedural remedy is by motion or petition in the cause and not by independent action. Ordinarily, the persons entitled to have an irregular voidable judgment opened or vacated are the parties thereto or persons in privity with them. In *Card v. Finch*, *supra* (142 N.C. 140) at p. 148, it is said: "Persons who are not parties or privies

and do not, upon the record, appear to be affected, will not be heard upon a motion to vacate a judgment. They have no status in Court. No wrong has been done them *by the Court."*

*Shaver v. Shaver*, 248 N.C. 113, 119, 102 S.E.2d 791, 795-96 (1958) (citations omitted). A collateral attack may not be made upon a judgment rendered by a court of competent jurisdiction. *Masters v. Dunstan*, 256 N.C. at 524, 124 S.E.2d at 576. This rule is applicable to attacks by parties to the action in which the judgment is rendered and by persons in privity with them. *Id.*

[3] In the case at bar, defendant Cornelius Smith asks for relief from the consent judgment in the prior divorce action by seeking to engraft an express trust on the judgment and the subsequent deed. We find that this constitutes a collateral attack, as Cornelius Smith is trying to change the disposition of the property from that specified in the consent judgment entered in the prior action.

In the instant case, plaintiff Gatsy Smith is collaterally attacking the consent judgment in the previous case for alleged intrinsic fraud. Plaintiff contends that she is entitled to a constructive trust or equitable lien on the property in question based on the fact that defendant Wayne Smith failed to abide by the equitable distribution consent judgment in the original action.

It is clear that in North Carolina an attack upon an order of the court for intrinsic fraud must be brought by motion in the cause. *Stokely v. Stokely*, 30 N.C. App. 351, 354-55, 227 S.E.2d 131, 134 (1976). However, judgments may be collaterally attacked if the fraud is extrinsic. *Id.* Our courts have held:

Fraud is extrinsic when it deprives the unsuccessful party of an opportunity to present his case to the court. If an unsuccessful party to an action has been prevented from fully participating therein there has been no true adversary proceeding, and the judgment is open to attack at any time. A party who has been given proper notice of an action, however, and who has not been prevented from full participation, has had an opportunity to present his case to the court and to protect himself from any fraud attempted by his adversary. Fraud perpetrated under such circumstances is intrinsic, even though the unsuccessful party does not avail himself of his opportunity to appear before the court.

*Id.; see also Florida National Bank v. Satterfield,* 90 N.C. App. 105, 367 S.E.2d 358 (1988). Here, Gatsy Smith fully participated in the original action. Her allegations against Mr. and Mrs. Durwood Smith and Wayne Smith are of intrinsic fraud.

The sole remedy for plaintiff Gatsy Smith and defendant Cornelius Smith was to modify or set aside the consent judgment in the prior case through a motion in the cause pursuant to Rule 60 of the North Carolina Rules of Civil Procedure. Unless and until this is done, it is *res judicata* to the parties' claims for relief in this action. We therefore reverse the opinion of the Court of Appeals as to plaintiff Gatsy Smith and defendant Cornelius Smith.

REVERSED.

Chief Justice EXUM dissenting.

The majority views this case as an attack on the consent judgment settling the marital claims between plaintiff and her former husband, Wayne Smith. Concluding that this judgment may not be collaterally attacked and can be set aside, if at all, only by a Rule 60 motion in the cause, it holds the trial court properly allowed defendants Durwood Smith and wife's motion for summary judgment and reverses the Court of Appeals' contrary decision.

I view this action not as an attack upon the consent judgment but as an action which, in effect, seeks to require the estate of Wayne Smith to comply with the terms of that judgment. The action seeks, first, to impress the property conveyed pursuant to the judgment by the plaintiff to Durwood Smith with a constructive trust in favor of Wayne Smith's estate and, second, to impress the estate's beneficial interest with an equitable lien to secure her former husband's, and now his estate's, obligations under the judgment. Plaintiff does not seek to set aside or alter the essential terms of the judgment. She is satisfied with the judgment. She is simply trying to enforce it according to its terms.

The case, therefore, should not be analyzed in terms of whether plaintiff can attack the judgment in a collateral action. It should be analyzed in terms of whether, under plaintiff's allegations and the evidentiary showing made at the summary judgment hearing, she may be able to establish at trial her entitlement to the equitable lien. Whether she will ultimately be so entitled depends upon what her evidence shows at trial. I think the allegations of her complaint

SMITH v. SMITH

[334 N.C. 81 (1993)]

and the evidentiary showing are sufficient to enable plaintiff to survive defendants Smiths' motion for summary judgment. I vote, therefore, to affirm the decision of the Court of Appeals.

The complaint, to which a copy of the consent judgment is attached, alleges that Wayne Smith refused to make the payment to plaintiff required by the judgment despite numerous demands upon him and that the amount due plaintiff under the terms of the judgment is $13,805.96. While there is no such language in the judgment itself or in the deed from plaintiff to Durwood Smith, plaintiff alleges that she conveyed the property in question to Durwood Smith "in trust for the use and benefit of Wayne Smith." She alleges that Wayne Smith never intended to pay the plaintiff according to judgment "knowing that with [the property] being put in his brother's name . . . he [Wayne Smith] had no other real property and no personal property against which execution could be levied to collect this money." The complaint prays the court for an order restraining Durwood Smith from alienating or encumbering the property, declaring that Durwood Smith holds the property in trust for Wayne Smith and declaring the $13,805.96 owed plaintiff under the judgment to be an "specific lien against" Wayne Smith's beneficial interest in the property.

This Court has described a constructive trust as follows:

A constructive trust is a duty, or relationship, imposed by courts of equity to prevent the unjust enrichment of the holder of title to, or an interest in, property which such holder acquired through fraud, breach of duty, or some other circumstance making it inequitable for him to retain it *against the claim of the beneficiary of the constructive trust.* Unlike the true assignment for benefit of creditors, which is an express trust, intended as such by the creator thereof, a constructive trust is a fiction of equity, *brought into operation to prevent unjust enrichment through the breach of some duty or other wrongdoing.* It is an obligation or relationship imposed irrespective of the intent with which such party acquired the property, and in a well-nigh unlimited variety of situations. Nevertheless, there is a common, indispensable element in the many types of situations out of which a constructive trust is deemed to arise. This common element is some fraud, breach of duty or other wrongdoing *by the holder of the property,*

*or by one under whom he claims,* the holder, himself, not being a bona fide purchaser for value.

*Wilson v. Development Co.,* 276 N.C. 198, 211-12, 171 S.E.2d 873, 882 (1969) (citations omitted) (emphasis added).

Plaintiff does not seek title to the property in question. She seeks only to charge Wayne Smith's estate's beneficial interest in the property with an equitable lien to the extent of the money due her under the terms of the judgment.

> An equitable lien, or encumbrance, is not an estate in land, nor is it a right which, in itself, may be the basis of a possessory action. It is simply a charge upon the property, which charge subjects the property to the payment of the debt of the creditor in whose favor the charge exists. "It is the very essence of this conception, that while the lien continues, the possession of the thing remains with the debtor or person who holds the proprietary interest subject to the encumbrance." 1 Pomeroy's Equity Jurisprudence § 165 (5th Ed., 1941). "[T]he doctrine of 'equitable liens' was introduced for the sole purpose of furnishing a ground for the specific remedies which equity confers, operating upon particular identified property, instead of the general pecuniary recoveries granted by courts of law." *Id.* § 166. In other words, an equitable lien, by charging specific property, provides an enforcement of the obligation more effective than that provided for the enforcement of the ordinary money judgment.

> > 'An equitable lien arises either from a written contract which shows an intention to charge some particular property with a debt or obligation, or is declared by a court of equity out of the general considerations of right and justice, as applied to the relations of the parties and the circumstances of their dealings.' *Garrison v. Vermont Mills,* 154 N.C. 1, 6, 69 S.E. 743, 744, 31 L.R.A. (N.S.) 450, 453, *modifying on rehearing,* 152 N.C. 643, 68 S.E. 142; *accord, Burrowes v. Nimocks,* 35 F.2d 152 (4th Cir.); *Jones v. Carpenter,* 90 Fla. 407, 106 So. 127, 43 A.L.R. 1409. *See Stanley v. Cox,* 253 N.C. 620, 630-631, 117 S.E.2d 826, 833-834.

*Fulp v. Fulp,* 264 N.C. 20, 24, 140 S.E.2d 708, 712 (1965). "An equitable lien on real property is an equitable encumbrance [citation

omitted] which may arise either out of contractual obligations, or whenever the court declares it necessary under the circumstances of the case from considerations of justice." *Brinkley v. Day*, 88 N.C. App. 101, 105, 362 S.E.2d 587, 590 (1987) (Property devised in fee may be impressed with equitable lien to pay certain maintenance and other expenses which testator directed be paid out of rental income during occupancy of life tenant.).

At the summary judgment hearing the forecast of evidence tended to show that while plaintiff and Wayne Smith were married, the Internal Revenue Service filed tax liens against Wayne Smith. Wayne Smith conveyed property which he owned to others to be held in trust by them for the benefit of Wayne Smith. One of these tracts included the property conveyed by plaintiff to Durwood Smith pursuant to the judgment. Wayne Smith conveyed this property to plaintiff by deed dated 5 June 1974. After Wayne Smith filed for divorce against plaintiff in February 1983 he had several discussions with his brother, Durwood Smith, regarding the disposition of his marital interest in this property. He asked Durwood Smith on several occasions if he would take title to the property in trust for Wayne Smith. "Durwood Eugene Smith agreed *to do so and to do with the land whatever Wayne Red Smith* directed." Wayne Smith "speculated on numerous occasions that he would have trouble getting Gatsy Newsome Smith to convey the marital interest of Wayne Red Smith to any third party." Wayne and Durwood Smith continued to discuss their intentions that plaintiff "convey the marital interest of Wayne Red Smith to Durwood Eugene Smith for the use and benefit of Wayne Red Smith to avoid a tax lien attaching to the said land." At the time of the divorce plaintiff agreed to convey the interest of Wayne Smith to Durwood Smith.

While plaintiff's claims might have been more artfully alleged and the forecast of evidence somewhat more precise, her allegations and the evidentiary showing at the hearing on summary judgment boil down to this: Her former husband, Wayne Smith, agreed to pay and now owes her $13,805.96 pursuant to the terms of the consent judgment. In consideration for Wayne Smith's agreement to pay this sum she conveyed property which she owned and in which Wayne Smith held a marital interest to Wayne Smith's brother, Durwood Smith, for the benefit of Wayne Smith. Wayne Smith never intended to pay her pursuant to the judgment and persuaded her to convey the property to his brother rather than to him to

shield him not only from his other creditors but also from plaintiff, who became his creditor under the terms of the consent judgment.

This showing, as the Court of Appeals concluded, is enough to demonstrate that plaintiff may be able to establish at trial that Durwood Smith holds the property in trust for the estate of Wayne Smith. She may then be able to charge the estate's beneficial interest in the property with an equitable lien to the extent of $13,805.96, the amount the estate owes her under the judgment. The evidentiary showing coupled with the allegations in the complaint are, therefore, enough to permit plaintiff to survive defendants Smiths' motion for summary judgment.

Another theory upon which plaintiff might be able to establish an equitable lien in her favor rests on her being a judgment creditor of Wayne Smith's estate. She contends there is no property in the estate from which she can be paid because Wayne Smith fraudulently induced her to transfer property in which he had a marital interest, and which ordinarily would have been transferred to him, to his brother so as to shield Wayne Smith from his creditors, including plaintiff. Plaintiff's claim is thus analogous to that of a judgment creditor who seeks to impress an equitable lien on property transferred in defraud of creditors by a judgment debtor to third parties.

In *Michael v. Moore*, 157 N.C. 462, 73 S.E. 104 (1911), plaintiff obtained a judgment against Moore for $300 in Catawba County. Moore appealed. Before time for perfecting appeal expired and before plaintiff caused the judgment to be docketed in Alexander County where Moore owned real property, Moore mortgaged the Alexander County property to secure the payment of $2,000 which he borrowed from the mortgagee. With this $2,000 Moore erected a house on a lot owned by his wife in Catawba County. At the time of these transactions Moore was insolvent. After plaintiff had exhausted his legal remedies to enforce the judgment against Moore, he filed an action for equitable relief against Moore and his wife. This Court concluded on these facts that plaintiff was entitled in equity to "follow the fund invested by his debtor in improvements upon his wife's land." *Id.* at 465, 73 S.E. at 105. The Court said, further,

No principle is better settled by our decisions than the one that an insolvent debtor cannot withdraw money from his own estate and give it to another to be invested by him in the

purchase or improvement of his property, and when it is done, creditors may subject the property so purchased or improved to the payment of their claims.

Had plaintiff conveyed the property to Wayne Smith and if the property was in the same county in which the consent judgment was entered, the amount owed by Wayne Smith to plaintiff under the judgment would have, upon the judgment's being docketed, become a lien against the property. If Wayne Smith, being insolvent, had conveyed the property to his brother, Durwood Smith, before the judgment could have been docketed in the county where the land lay, then, under the doctrine expressed in *Michael v. Moore,* plaintiff could have obtained an equitable lien against the property in the hands of Durwood Smith to the extent of her claim against Wayne Smith. That Wayne Smith may have accomplished the same result, as plaintiff alleges and which the evidentiary forecast indicates she may be able to prove, by fraudulently inducing plaintiff to convey the property directly to Durwood Smith would seem to entitle plaintiff to an equitable lien under the *Michael v. Moore* doctrine. "The lien assures the claimant that the asset will be devoted to satisfying" her claim. Restatement (Second) of Restitution § 30, cmt a. (Tent. Draft #2, 1984).

Justices Frye and Parker join in this dissenting opinion.